## Richmond

FAY M. JONES

v.

COLONIAL WILLIAMSBURG FOUNDATION
AND THE AETNA CASUALTY AND SURETY
COMPANY

No. 1343-88-1

Decided June 19, 1990

COUNSEL

Karen M. Rye (Breit, Drescher & Breit, on briefs), for appellant.

Paul C. Kuhnel (McGuire, Woods, Battle & Boothe, on briefs), for appellees.

## ON REHEARING EN BANC

OPINION

**MOON, J.—** Colonial Williamsburg Foundation was granted a rehearing en banc from a panel decision holding that Fay M. Jones' injury arose out of and during the course of her employment. *See Jones v. Colonial Williamsburg Foundation*, 8 Va. App. 432, 382 S.E.2d 300 (1989). The panel held that Mrs. Jones' injury on the employer's premises while going to work should be treated for compensability purposes as though it happened while she was engaged in her work at the place of its performance. *Id.* at 435, 382 S.E.2d at 302. The panel further held that while walking to her duty station, her action in taking a few steps out of a direct path of travel to that station in order to dispose of a small amount of personal trash in a receptacle provided by the employer, did not constitute a deviation which removed her from her employment.

On rehearing, Colonial Williamsburg argues that the panel decision applied the positional risk test, a test rejected by Virginia courts. *City of Richmond v. Braxton*, 230 Va. 161, 164, 335 S.E.2d 259, 261-62 (1985). Under the positional risk test, simply being injured while at work is sufficient to establish compensability. As Colonial Williamsburg argues, Virginia applies the "actual risk" test, which, holds that the employee must prove that the accident arose both out of and in the course of employment. *See County of Chesterfield v. Johnson*, 237 Va. 180, 183, 376 S.E.2d 73, 76 (1989). Colonial Williamsburg argues that Jones'

injury, even though it happened at work, is not compensable because it did not arise out of the conditions of her employment.

■ In *Johnson*, the employee was injured when his knee gave way because he suffered a torn meniscus as a result of the twist type injury when he turned around on a stairway at work. The Supreme Court held that he did not sustain an injury "arising out of" his employment. The Supreme Court said the injury must be caused by "the condition of the workplace." *Id*. at 185, 376 S.E. 2d at 716. In the present case, Mrs. Jones' injury was sustained when she slipped and fell because of a wet step leading to the trash receptacle. Johnson's injury was not attributable to a risk or hazard associated with the work environment. Mrs. Jones' injury arose because of the wet and slippery condition on the employer's premises. Accidents such as the one sustained by Jones during the course of her employment always have been considered compensable. The only question presented by her claim is whether the accident occurred at a place where she reasonably could be expected to be. *See Norfolk & Washington Steamboat Co. v. Holladay*, 174 Va. 152, 158, 5 S.E.2d 486, 489 (1939).

■ As was stated in the majority panel opinion, when an employee chooses to go to a dangerous place where his employment does not necessarily carry him and encounters dangers which are outside of any reasonable requirement of his normal working environment, the risk arising out of such action is not incident to and does not arise out of the employment. *See* 8 Va. App. at 438, 382 S.E.2d at 303-04; *Conner v. Bragg*, 203 Va. 204, 209, 123 S.E.2d 393, 397 (1962); *Simon v. Standard Oil Co.*, 150 Neb. 799, 36 N.W.2d 102, 106 (1949); *White Star Motor Coach Lines v. Industrial Comm'n*, 336 Ill. 117, 168 N.E. 113, 115 (1929). Mrs. Jones was a pantry worker who described her duties as fixing gelatin salads, cutting pies, putting up waiters' orders, dipping ice cream and making tea and coffee. Although this outside trash receptacle was not one that she would use in her normal work activities, the only reasonable inference to be drawn is that it was a receptacle for the disposal of trash by some persons working at, and possibly others patronizing, the restaurant. Mrs. Jones did not choose to go to a dangerous place where her employment did not necessarily carry her. She went to what was an appropriate place provided by the employer for some employees to dispose of trash. The mere fact that she stepped over to a trash receptacle for a

personal need does not take the accident out of the course of her employment or cause the accident to become one not arising out of her employment.

As a matter of public policy, the General Assembly has decided that litigation involving accidents arising out of and in the course of employment should be handled before the Industrial Commission. The employer conceded in oral argument that if Mrs. Jones had already punched the clock and then walked from inside the restaurant to the trash receptacle to dispose of her personal trash, her claim would stand on better footing. In view of the accepted principle that all accidents otherwise compensable are to be considered the same once the employee reaches the premises, we find no logical support for the employer's claim that Mrs. Jones cannot recover because she had not clocked in. If Mrs. Jones had met another employee on those steps who had punched the clock and both fell and were injured because the steps were slick, according to Colonial Williamsburg's argument, one could sue the employer in a negligence action and the other would be limited to recovery under the Workers' Compensation Act. In both instances the employee's injury arises out of the conditions of the workplace, the wet step. We do not believe the Act was intended to turn on the fine distinction urged by the employer. Accidents which arise out of the conditions of the workplace should be compensable if the activity which gave rise to the accident is of a nature reasonably to be expected by the employer and occurred at a place and time where an employee might reasonably be expected to be. *See Conner v. Bragg*, 203 Va. at 208-09, 123 S.E.2d at 396-97.

Accordingly, the decision of the Industrial Commission is reversed and the case remanded.

*Reversed and remanded.*

Barrow, J., Cole, J., Coleman, J., Keenan, J., and Willis, J., concurred.

Baker, J., with whom Koontz, C. J., and Duff, J., join dissenting.

I respectfully disagree with the finding of the majority that claimant sustained a compensable injury arising out of and in the

course of her employment. Viewed in the light most favorable to the commission's holding, *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986), the record discloses that claimant was employed as a pantry worker in the Kings Arms Tavern (tavern) owned by Colonial Williamsburg Foundation (employer). At approximately 7:55 a.m., prior to beginning the day's work, claimant was injured when she slipped on a wet step as she descended from a trash house located on employer's premises, approximately sixty feet from the rear entrance to the tavern. Shortly before she fell, claimant and a co-worker arrived for work at a parking lot provided for the employees by employer. The lot was located away from the tavern premises, "down and then across the street . . . a good little walk" away. At the lot, claimant gathered trash consisting of "ash trays, cigarette butts, potato chip bags, soda bottles from inside the co-worker's car." The trash was generated by claimant and her co-worker and was not the product of actions of the general public or other employees of employer. No evidence was presented that the removal of the trash was for the benefit of employer. Claimant, with trash in hand, left the lot, crossed the street and proceeded along a pathway toward the tavern, where she intended to "punch in" and begin her duties of employment. Upon entering the tavern premises she deviated from the driveway on which she was walking and which led directly to the tavern, and climbed three or four steps[1] into the trash house which recently had been "washed . . . out." The steps to the trash house were wet. She deposited her trash, and as she descended with intent to return to the way which led to the tavern, she slipped and fell on one of the wet steps. The record contains no evidence that the trash house was intended for the benefit or personal use of claimant, or that her action in disposing of the personal trash was related to the performance of any duty she owed her employer. Claimant's duties and responsibilities as a pantry worker were limited to fixing gelatin salads, cutting pies, putting up waiters' orders, dipping ice cream, and making tea and coffee.

---

[1] The majority described claimant's deviation from her direct path to her place of work as being "two or three steps out of a direct path of travel." Our examination of the record fails to disclose the exact distance claimant traveled off course. If the majority intended to refer to the steps climbed, the record discloses the existence of three or four steps.

Upon review of the record, the commission found that claimant was injured while deviating from the route of her travel from the parking lot to the place where she was to report to work, in order to perform a personal errand for herself which was unrelated to her work or any responsibility or duty owed to her employer;[2] therefore, the commission found that her injury did not arise out of and in the course of her employment. In my judgment, the record contains credible evidence to support that finding and I would affirm the commission's holding.

The general rule is well established that an employee injured while going to and from work is not engaged in the performance of work "arising out of and in the course of employment." *See GATX Tank Erection Co. v. Gnewuch*, 221 Va. 600, 603-04, 272 S.E.2d 200, 203 (1980). Claimant argues that exceptions to the general rule may be found in *Brown v. Reed*, 209 Va. 562, 165 S.E.2d 394 (1969), and *Prince v. Pan American World Airways*, 6 Va. App. 268, 368 S.E.2d 96 (1988). She contends that these cases support her assertion that her act of disposing of the trash, albeit done prior to reporting for work, nevertheless was for the benefit of employer and thus compensable. Specifically, in her brief claimant argues:

> She [claimant] performed a duty to her employer at the time of her injuries, she did not litter the property of her employer. To bar Ms. Jones from the protection of workers' compensation benefits because she voluntarily acted in her employer's interest would be to discourage constructive initiative, a highly undesirable result. Therefore, the claimant has established her act for personal comfort and convenience was ultimately for the benefit of the employer.[3]

*Brown* teaches that an injury sustained in a parking lot provided by employer as a fringe benefit may be compensable because the parking lot is an extension of the workplace, fraught with dangers

---

[2] To the extent that the opinion of the majority may be interpreted as stating that the trash house was a place that the claimant's employment "necessarily" carried her, or that the trash house was provided by her employer "for employees," we note that the record contains no evidence to support such interpretation.

[3] Taken to its extreme, if all Colonial Williamsburg Foundation employees filled the cans located in the trash house with their personal trash, it would work to the detriment of the employer rather that to its benefit.

peculiar to the employees using it. *Brown*, however, did not involve an injury sustained during a deviation from the line of travel from the parking lot to the employee's workplace. *Prince* merely holds that the sidewalk on which claimant was returning to work when injured was an extension of the workplace. In *Prince*, the injured employee did not deviate from the path of travel required to reach her place of work.

"An accident occurs 'in the course of employment' when it takes place within the period of employment, at a place where the employee may reasonably be, and while he is reasonably *fulfilling duties of his employment or engaged in doing something incidental thereto*." *Bradshaw v. Aronovitch*, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)(emphasis added). Claimant's employment duties and responsibilities did not include a responsibility to dispose of trash accumulated inside her co-worker's car. At the time of her injury, she was engaged in an action purely for her own personal benefit and not one incidental to or in the course of her employment.

Every employee seeking to recover workers' compensation benefits must prove by a preponderance of the evidence that the injury for which benefits are sought arose out of and in the course of employment. *See* Code § 65.1-7; *D. W. Mallory & Co. v. Phillips*, 219 Va. 845, 848, 252 S.E.2d 319, 321 (1979).

> The phrases arising "out of" and arising "in the course of" are separate and distinct. We have long held that they mean different things and that proof of both is essential to recovery under the Act. The phrase arising "in the course of" refers to the time, place, and circumstances under which the accident occurred. The phrase arising "out of" refers to the origin or cause of the injury.

*County of Chesterfield v. Johnson*, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989)(citations omitted). In *Johnson*, the Court reaffirmed the principle that the "causative danger must be peculiar to the work, incidental to the character of the business, *and not independent of the master-servant relationship*." *Id*. at 183-84, 376 S.E.2d at 75 (emphasis added). Here, it is clear that there was no connection between claimant's disposition of her personal trash in the trash house and her master-servant relationship with the employer.

In cases of this kind, a further requirement declared by the Supreme Court of Virginia must be observed:

> In Virginia, we apply the "actual risk" test to determine whether workplace injuries are compensable. We do not apply the positional risk test used in other jurisdictions where simply being injured at work is sufficient to establish compensability.

*Id.* at 185, 376 S.E.2d at 75-76 (citations omitted). Thus, we must determine whether the actual risk doctrine is applicable to the circumstances of this case. In *Conner v. Bragg*, 203 Va. 204, 123 S.E.2d 393 (1962), Bragg, formerly employed as a truck driver in Conner's hauling business, was employed as an attendant at Conner's gas station when injured. A front-end loader used in the hauling business was parked at the station. Bragg was instructed not to drive it. Notwithstanding the instruction, Bragg was injured while driving the vehicle loaded with trash from the station to the city dump. The Supreme Court reversed an award of benefits to Bragg, saying:

> When an employee chooses to go to a dangerous place where his employment does not necessarily carry him, and incurs dangers of his own choosing which are altogether outside of any reasonable requirement of his position, the risk arising from such action is not incident to and does not arise out of the employment.

*Id.* at 209, 123 S.E.2d at 397. The Court held that there was "no causal connection between the requirement of Bragg's employment and the resulting injury." *Id.* at 210, 123 S.E.2d at 398. Here, claimant, while on a personal mission, chose to climb three or four stairs, wet from washing and likely to cause injury. The terms of her employment did not require that she enter the trash house to dispose of the trash accumulated in her co-worker's car. When she did so, she was confronted with a risk which was not incidental to and did not arise from her employment. The risk associated with her action was common to anyone electing to ascend and descend the steps, and was not peculiar to her duties for employer. While negligence or disobedience of orders does not necessarily take an employee out of the sphere and scope of his or her employment, action in the nature of purely personal business, such

as a desire to clean out a friend's car, is not incidental to the employment or for the benefit of employer. *See id.* at 210-11, 123 S.E.2d at 398.

In *Hill City Trucking, Inc. v. Christian*, 238 Va. 735, 385 S.E.2d 377 (1989), the Supreme Court held that an injury sustained during a robbery of a truck driver which occurred while he was performing his duties to his employer was not a risk of his employment. The Court noted that the employee proved an injury by accident while fulfilling his duties of employment but failed to prove that his injury "arose out of the employment." Justice Lacy, speaking for the Court, said:

> In Virginia, we employ the "actual risk" test to determine whether an injury "arises out of" the employment. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. *But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment.* The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence. Moreover, the claimant has the burden of proving by a preponderance of the evidence that the injury was an actual risk of the employment.

*Id.* at 739, 385 S.E.2d at 379 (emphasis added)(citations omitted). The Court held that Christian did not carry his burden and reaffirmed the principle that an employee must prove that his injury was related to his employment duties and responsibilities. I would hold that the claimant here has failed in that respect.

For the reasons stated, I would affirm the decision of the Industrial Commission.