A Rehearing En Banc was granted in this case on May 16, 1995.

COURT OF APPEALS OF VIRGINIA

Present:  Judge Benton, Senior Judges Cole and Hodges
Argued at Richmond, Virginia

BURNADINE Y. CHANDLER

MEMORANDUM OPINION[*] BY
v.  Record No. 1572-94-2          JUDGE JAMES W. BENTON, JR.
                                       APRIL 11, 1995
ARA FOOD SERVICES, INC., and
  RELIANCE INSURANCE COMPANY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           B. Mayes Marks, Jr. (Marks & Lee, P.C.,
           on brief), for appellant.

           James G. Muncie, Jr. (Midkiff & Hiner, P.C.,
           on brief), for appellees.


     Burnadine Y. Chandler contends on appeal that the Workers'
Compensation Commission erred in finding that her slip and fall
injury did not arise out of her employment.  We reverse the
decision.

     Chandler arrived for work at 6:15 a.m. on a rainy January
day.  The parking area provided by her employer was dark and wet.
When she exited her motor vehicle and took a couple of steps,
her "foot just slipped out from up under" her.  She fell and
sustained injuries for which she received medical treatment.

     When asked what she slipped upon, Chandler testified that
the pavement was "wet" and that she saw "nothing but water."  She
also said that she may have slipped on oil.  Her husband did not
see her fall, but he described the surface of the parking lot as

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

being "slick, it was slippery, had a lot of water on it, mud."  A security officer who filled out an accident report examined the spot and saw nothing on the pavement other than wetness.

In finding that her injury arose out of her employment, the deputy commissioner relied upon the initial panel decision in Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 382 S.E.2d 300 (1989), aff'd en banc, 10 Va. App. 521, 392 S.E.2d 848 (1990).  The deputy commissioner found that Chandler's fall was "not unexplained."  In addition, the deputy commissioner found that Chandler's injury was caused by the wet condition of the pavement on her employer's premises and awarded her temporary total disability benefits for a five month period.

The full commission, with a dissent, ruled that the injury did not arise out of Chandler's employment.  In reversing the deputy commissioner's decision, the commission reasoned that Chandler "could not identify anything on the sidewalk itself as causing the fall other than ordinary rainwater," and found, therefore, that she was not exposed to a greater risk of injury than the general public.

The sole issue on appeal is whether Chandler's injury arose out of her employment.  The employer concedes that Chandler's injury arose in the course of her employment but contends that her injury did not arise out of her employment.

The issue in this case is controlled by this Court's decision in Jones.  In the initial panel decision in Jones, this

Court held that an employee who injured her leg after slipping on a wet step suffered an injury by accident that arose out of and in the course of her employment. 8 Va. App. at 439, 382 S.E.2d at 304. Jones was throwing away personal trash in the employer's trash dumpster prior to reporting to work. "After throwing the trash from the top step into the dumpster, she turned to go toward the tavern, slipped on the wet step of the trash house, and injured her leg." Id. at 435, 382 S.E.2d at 302. In analyzing whether Jones' injury arose out of her employment, the opinion observed that "[a]n injury 'arises out of' the employment 'when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Id. (citation omitted).

Upon rehearing en banc, we affirmed those rulings and stated:

> In the present case, Mrs. Jones' injury was sustained when she slipped and fell because of a wet step leading to the trash receptacle. . . . Mrs. Jones' injury arose because of the wet and slippery condition on the employer's premises. Accidents such as the one sustained by Jones during the course of her employment always have been considered compensable.

10 Va. App. at 523, 392 S.E.2d at 850. Nothing in Jones discussed the origin of the water or qualified the right to recover because of the origin of the water. See also Wetzel's Painting & Wallpapering v. Price, 19 Va. App. 158, 449 S.E.2d 500

- 3 -

(1994); Prince v. Pan American World Airways, 6 Va. App. 268, 368 S.E.2d 96 (1988).

In reversing the deputy commissioner's opinion, the commission did not find that Chandler's fall was not caused by the wet condition of the pavement. Rather, the commission simply disregarded this fact and held that the evidence did not prove any defect in the pavement. As in Jones, Chandler's slip and fall was caused by the wet condition of her employer's premises. Accordingly, the evidence proved that her injury arose out of her employment.

For this reason, we reverse the commission's findings.

Reversed and remanded.

COLE, J., dissenting.


I respectfully disagree with the decision of the majority finding that the claimant sustained an injury arising out of her employment. The majority finds that Jones v. Colonial Williamsburg Found., 10 Va. App. 521, 392 S.E.2d 848 (1990) (en banc), controls the decision in this case. Finding that Jones is not dispositive of the issues, I would affirm the decision of the commission.

After fully reviewing the testimony of the witnesses, the commission stated that "the Deputy Commissioner found that the claimant slipped on wet pavement within the Philip Morris compound while attempting to enter the building for work with the pathway such as that it would be considered a part of the employer's premises. . . . We agree with this finding of fact." The commission disagreed with the conclusion drawn by the deputy commissioner that because the pavement was wet due to the rain the accident arose out of the claimant's employment. The commission found that the claimant did not prove a causal connection between the employment and the injury.

The commission quoted at length from the Supreme Court case of Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938), to the effect that the claimant must prove that the accident arose out of the employment and to do this she must prove "a causal connection between the conditions under which the work is required to be performed and the resulting injury."

The commission then stated that Virginia has long ago rejected the "positional risk" doctrine and stated:

> The common denominator in these situations is that the employer should [be] held responsible where it in some manner created a risk of injury or overlooked the risk to the detriment of the employees. Such is not the case here when the risk encountered was simply walking in rain without any evidence that the pavement was defective and when the claimant could not identify anything on the sidewalk itself as causing the fall other than ordinary rainwater, which must be considered as a causative danger common to the neighborhood.

The commission stated that it had long ago adopted the following position:

> [I]njuries received from exposure to weather conditions, such as heat, cold, ice, snow or lightning, are generally classed as risks to which the general public is exposed, and not within the purview of the Workmen's Compensation Acts, although the injured person at the time he received his injury, may have been performing duties incident to, and, in the course of his employment.

Evans v. Southgate Forwarding and Storage, 90 O.I.C. 76, 80 (1927).

After fully reviewing the law applicable to the case, the commission concluded that the claimant was exposed to no greater risk of injury than the general public which was out in the rain. Accordingly, it found that the claimant's accident did not arise out of her employment. This finding is entirely consistent with the principles set forth in Jones v. Colonial Williamsburg and numerous other Virginia decisions.

- 6 -

Because the majority bases its decision on <u>Jones</u>, I shall discuss that holding and then compare it with this case to show that they are distinguishable upon their facts. In <u>Jones</u>, Fay Jones was employed by the Colonial Williamsburg Foundation as a pantry worker at the King's Arms Tavern. Mrs. Jones and Gloria Hundley, a co-worker with whom Jones carpooled on a regular basis, parked in the employee's parking lot at the tavern. Jones offered to take a small amount of trash out of the car and put it in the trash receptacle behind the tavern. Directly behind the tavern, approximately fifty to sixty feet from the back entrance and several steps off the pathway, but on the property of Colonial Williamsburg, there was located a small colonial outbuilding with three to four steps which led up and into the building. Several dumpsters for depositing trash were located inside the building. On the morning that Jones was injured, the trash house had been washed out and the steps were wet from the washing.[1] Jones walked up the steps and deposited the trash in a

---

[1]The majority states that "[n]othing in <u>Jones</u> discussed the origin of the water or qualified the right to recover because of the origin of the water." There was no rain water in <u>Jones</u>. The only water present in that case originated from the washing of the trash house. Fay M. Jones testified that the trash house was a "small old colonial house" that had three or four steps going up into the trash house. She was going down the steps when she fell. She stated: "Somebody had washed the trash house out. The steps was wet, and I just slipped and fell." Transcript of testimony before Industrial Commission filed in <u>Jones</u>. Although the majority opinion in <u>Jones</u> does not specify the origin of the "wetness" because there was no dispute concerning it, the dissenting opinion clearly states that Jones "climbed three or four steps into the trash house which recently had been 'washed out.' The steps to the trash house were wet." <u>Jones</u>, 10 Va. App. at 525, 392 S.E.2d at 851 (Baker, J., dissenting).

dumpster.  She exited the house and slipped on the wet steps as she was descending them.

In Jones, this Court made a comparison between Jones slipping on the wet steps of the outbuilding and Johnson falling on the steps in County of Chesterfield v. Johnson, 237 Va. 180, 376 S.E.2d 73 (1989).  We said:

> The Supreme Court said the injury must be caused by "the condition of the workplace." . . . In the present case, Mrs. Jones' injury was sustained when she slipped and fell because of a wet step leading to the trash receptacle.  Johnson's injury was not attributable to a risk or hazard associated with the work environment.  Mrs. Jones' injury arose because of the wet and slippery condition on the employer's premises.  Accidents such as the one sustained by Jones during the course of her employment always have been considered compensable.

Jones, 10 Va. App. at 523, 392 S.E.2d at 850 (quoting Johnson, 237 Va. at 185, 376 S.E.2d at 716).

We said in Jones that accidents such as the one sustained by Jones during the course of her employment always have been considered compensable.  This is so because accidents sustained during the course of the employment resulting from some natural cause does not place liability on the employer.  The general rule is stated as follows:

> If an employee is injured by some natural force, such as a hurricane, tornado, or the like, or is struck by lightning during a storm, or drowned as a result of a flood, or is injured by falling debris in {?the} earthquake, the event does not in and of itself fasten liability on the employer.  The

> theory is that death or any incapacity to work resulting from some natural force, operating directly upon the victim without the intervention of any other agency or instrumentality, arises not out of the employment but is due solely to an act of God. However, when the nature of the employment, or some condition, or environment therein, brings into existence a special or peculiar risk to the disastrous forces of nature, the injury or death of an employee may be compensated as a risk of the employment.

E. Blair, Workmen's Compensation § 9.02 (1968); see also 1 Larson, The Law of Workmen's Compensation, § 8.00 (1990).

Our Supreme Court has considered on numerous occasions the question whether an injury arose out of employment. See United Parcel Serv. v. Fetterman, 230 Va. 257, 336 S.E.2d 892 (1985); Central State Hosp. v. Wiggers, 230 Va. 157, 335 S.E.2d 257 (1985); Richmond Memorial Hosp. v. Crane, 222 Va. 283, 278 S.E.2d 877 (1981); Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 159 S.E.2d 633 (1968); see also, Southside Virginia Training Center v. Shell, 20 Va. App. ___, ___ S.E.2d ___ (1995).

In County of Chesterfield v. Johnson, 237 Va. 180, 376 S.E.2d 73 (1989), Johnson had descended steps to the basement where he worked to turn off certain water pumps. As he started to leave the basement, he remembered that he needed to check a certain meter. He turned around on the first step to go back down. His knee gave way, and he fell to the floor. The Supreme Court rejected Johnson's claim, stating that it did not differ from Fetterman, Wiggers and Crane. Specifically, Johnson's claim

suffered from the same failing as the other rejected claims: an inadequate showing that the work environment contributed to the injury.  Johnson, 237 Va. at 184, 376 S.E.2d at 75.

> All of these cases stand for the principle that [a]n accident arises out of the employment when there is a causal connection between the claimant's injury and the condition under which the employer requires the work to be performed.  Under this test, an injury arises "out of" the employment when it has followed as a natural incident of the work and has been a result of the exposure occasioned by the nature of the employment.  Excluded is an injury that comes from a hazard to which the employee would have been equally exposed apart from the employment.  The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.  The event must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

Fetterman, 230 Va. at 258-59, 336 S.E.2d at 893 (citations omitted).

I am unable to ascertain from the majority opinion, or from a review of the record, any condition of the workplace that contributed to the claimant's fall, except the fact that she was on the premises.  Her presence on the premises, however, is not sufficient to satisfy the actual risk test that requires a claimant to establish a causal connection between the work environment and the injury.  Virginia is not a "positional risk" jurisdiction.  Virginia is an 'actual risk' jurisdiction in which an accident, to be compensable, must also be causally related with a risk associated with the workplace.  County of Chesterfield v. Johnson, 237 Va. at 185, 376 S.E.2d at 75-76.

- 10 -

"The fact that the injury occurred at work adds nothing and answers nothing, when the inquiry is, did the injury arise out of the employment.  It simply helps prove the 'in the course of' prong of the compensability test."  Id. at 185, 376 S.E.2d at 76.

"Moreover, the claimant has the burden of proving by a preponderance of the evidence that the injury was an actual risk of the employment."  Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379.  Here, there is no evidence in the record to show a hazard peculiar to the workplace or incidental to claimant's employment.

Because I find the majority opinion inconsistent with Virginia law, I dissent and would affirm the decision of the commission.