COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz,[*] Bray and Annunziata

SCOTT WILLIAM CLEARWATER

v.   Record No. 0233-95-4                    MEMORANDUM OPINION[**]
                                                  PER CURIAM
MOBIL OIL CORPORATION                        AUGUST 29, 1995
AND
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Scott W. Clearwater, pro se, on briefs).

                 (Susan A. Evans; Siciliano, Ellis, Dyer & Boccarosse,
                 on brief), for appellees.


      Scott W. Clearwater contends that the Workers' Compensation
Commission erred in finding that he failed to prove that the
injuries he sustained on June 20, 1993 arose out of and in the
course of his employment with Mobil Oil Corporation ("employer").
Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  Rule 5A:27.

      On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  A
finding by the commission that an injury did or did not arise out

---

[*]Justice Koontz participated in the decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

[**]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. City of Richmond v. Braxton, 230 Va. 161, 163-64, 335 S.E.2d 259, 261 (1985).

"The concepts of 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (en banc). "The burden rests upon the claimant 'to prove them by a preponderance of the evidence.'" Id. (quoting Baggett Transp. Co. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978)). Unless we can say as a matter of law that the claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The claimant worked for the employer as an attorney. His home office was in Washington, D.C. His job frequently required that he travel to out-of-town locations. On June 20, 1993, he travelled to New York City to attend a business meeting on the following morning. The claimant arrived in New York City by plane and took a taxicab to the Helmsly Hotel, where he registered for the night and checked in to his room. Thereafter, he walked to Times Square for dinner. On his way, he purchased a theater ticket for a performance later that evening. He ate dinner and went to the theater on West 38th Street. After the show, at approximately 11:30 to 11:45 p.m., he walked towards his

hotel located at 212 East 42nd Street.  While he was crossing 3rd Avenue, a taxicab turning at the intersection at 42nd Street struck the claimant, causing him to sustain multiple injuries.

The expenses of the claimant's trip to New York City, including parking, taxicabs, tips, the hotel room, and meals were reimbursed by the employer on the basis of a voucher submitted by the claimant.  The claimant did not submit for reimbursement the cost of the theater ticket.

The commission denied the claimant's application, finding that "[his] reasonable and understandable decision to attend a local theater show was purely personal and unrelated to the work activities for which he travelled to New York.  The accident that occurred while returning from this personal frolic therefore cannot be said to arise out of his employment."

The claimant contends that his claim is compensable because his duties required his presence on the public streets, and therefore, his injuries arose out of his employment.  See, e.g., Taylor v. Robertson Chevrolet Co., 177 Va. 289, 13 S.E.2d 326 (1941); Marketing Profiles, 17 Va. App. at 435, 437 S.E.2d at 730.

However, this case is distinguishable from the so-called "street cases."  Here, the claimant voluntarily chose to attend the theater and to walk across 3rd Avenue, where he incurred the obvious risk of being struck by an automobile.  His work with the employer did not require his presence on 3rd Avenue at the time

3

he was injured. The claimant, unlike the employees in the cited cases, was on a personal mission and was not performing any duty or requirement of his employment. Under these facts, the risk of being struck by an automobile was not incident to and did not arise out of his employment. This particular risk was not an actual risk of the claimant's employment.

The claimant also argues that his injuries arose out of his employment because they were sustained during a business trip for which the employer reimbursed his travel expenses. See, e.g., Provident Life & Acc. Ins. Co. v. Barnard, 236 Va. 41, 372 S.E.2d 369 (1988). In Provident, the claimant, a travelling salesman, was injured in an automobile accident while driving in his own vehicle on the way home from visiting his employer's stores. Id. at 43-44, 372 S.E.2d at 370-71. Here, however, the claimant was not injured while coming from or going to work in employer-provided or employer-reimbursed transportation. Moreover, unlike the employee in Provident, the claimant deviated from his employment and embarked on a personal mission.

Finally, the claimant argues that the personal comfort doctrine should be expanded to include compensation for an injury sustained by an employee while seeking personal entertainment on an out-of-town business trip. The personal comfort doctrine recognizes that "occasional breaks and excursions for food, drink, rest, and restroom visitation are deemed to be within the course of employment." Ablola v. Holland Road Auto Ctr., 11 Va.

4

App. 181, 183, 397 S.E.2d 541, 543 (1990). See also Jones v. Colonial Williamsburg Found., 10 Va. App. 521, 392 S.E.2d 848 (1990) (en banc) (employee injured while throwing personal trash into trash bin on employer's premises entitled to compensation). However, the claimant cites no authority that indicates that Virginia law recognizes personal entertainment as falling within the scope of the personal comfort doctrine.[1]

For the reasons stated, we affirm the commission's decision.

Affirmed.

---

[1] We also note that Railway Express Agency, Inc. v. Lewis, 156 Va. 800, 159 S.E. 188 (1931), cited by the claimant, did not address the issue presented in this case, because Lewis had returned to his employment duties at the time of his injury.