COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick,[*] Judge Elder and
        Senior Judge Duff
Argued at Alexandria, Virginia


GATES HUDSON & ASSOCIATES, INC., ET AL.
                                        MEMORANDUM OPINION[**] BY
v.   Record No. 0683-97-4               JUDGE LARRY G. ELDER
                                          NOVEMBER 25, 1997
MARIA DIAZ

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Dawn E. Boyce (Trichilo, Bancroft, McGavin,
        Horvath & Judkins, P.C., on brief), for
        appellants.

        Craig A. Brown (James F. Green; Ashcraft &
        Gerel, on brief), for appellee.


    Gates Hudson & Associates, Inc. (appellant) appeals an order
of the Workers' Compensation Commission (commission) awarding
benefits to Maria Diaz (claimant). Appellant contends that the
commission erred when it concluded that claimant's injury arose
out of and in the course of her employment. For the reasons that
follow, we affirm.

    "In order to establish entitlement to compensation benefits,
the claimant must prove, by a preponderance of the evidence, an
injury by accident which arose out of and in the course of his
[or her] employment." See Classic Floors, Inc. v. Guy, 9 Va.
App. 90, 95, 383 S.E.2d 761, 764 (1989); Code § 65.2-101. An

_____

    [*]On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

    [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

injury "arises out of" the employment "when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Brown v. Reed, 209 Va. 562, 564, 165 S.E.2d 394, 397 (1969). An accident occurs "in the course of" the employment "when it takes place within the period of the employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of this employment or is doing something reasonably incident thereto." Id. "A finding by the [c]ommission that an injury arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal." Dublin Garment Co., Inc. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986). The commission's factual findings are binding on appeal if supported by credible evidence. See Code § 65.2-706.

We hold that claimant's injury arose out of and occurred in the course of her employment. Claimant was employed as a custodian and her duties included cleaning the common areas inside appellant's apartment buildings. On June 25, claimant was sweeping while walking backwards down some steps inside an apartment building. The steps were both wet and littered with "candies and . . . gums." Claimant slipped and fell down a set of steps and onto a landing, injuring her right arm, shoulder, and leg. This evidence established both a causal connection

2

between claimant's employment and her injury and that the injury took place while claimant was performing her regular duties.

We disagree with appellant that claimant's failure to understand her supervisors' instruction not to clean inside the buildings on June 25 rendered her injury non-compensable. Appellant does not contend that claimant's claim is barred because she willfully breached its rules or regulations. See Code § 65.2-306. On June 25, claimant returned to work after an absence stemming from a non-work-related injury with a note from her physician restricting her from lifting weights greater than five pounds. Claimant's supervisors instructed her about her duties for the day in light of her physician's restriction. The commission found that claimant "understood her instructions to allow her to enter the buildings to the extent that she could perform work within her restrictions." This finding is supported by claimant's testimony that she was never told she was prohibited from entering the buildings and that she understood Mr. Aragon's Spanish translation of her supervisors' instructions to be that she "was not to lift any heavy item [and] that [she] did not have to mop or strip." Although claimant's testimony conflicted with the testimony of her supervisors, the commission was entitled to conclude that claimant's testimony was more credible. See Uninsured Employer's Fund v. Mounts, 24 Va. App. 550, 559, 484 S.E.2d 140, 144 (1997) (stating that "[a]s the trier of fact, the commission determine[s] . . . the credibility

3

of the witness[es]").

Furthermore, the record indicates that claimant was merely attempting to perform her regular duties within her physician's restrictions at the time of her accident. Claimant testified that she decided to clean in the buildings because she noticed that they were dirty and "felt that she needed to clean them because they were her buildings." The record indicates that claimant was sweeping when she fell down the stairs, and this evidence supports the commission's finding that claimant was not performing work that "[exceeded] the restrictions which had been imposed by her doctor." Contrary to appellant's argument, claimant was not injured after "incurring dangers of [her] own choosing which [were] altogether outside of any reasonable requirement of [her] position." Conner v. Bragg, 203 Va. 204, 209, 123 S.E.2d 393, 397 (1962); cf. Jones v. Colonial Williamsburg Foundation, 10 Va. App. 521, 524, 392 S.E.2d 848, 850 (1990). In light of claimant's understanding of appellant's instructions and the circumstances of her accident, we conclude that claimant was injured while performing a task reasonably incidental to her duties at a place where appellant could reasonably expect her to be. Brown, 209 Va. at 564, 165 S.E.2d at 397.

For the foregoing reasons, we affirm the commission's award of benefits.

Affirmed.

4