COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


CADMUS MAGAZINES
 and ROYAL INSURANCE COMPANY OF AMERICA

                                        OPINION BY
v.    Record No. 2182-98-2        JUDGE JOSEPH E. BAKER
                                         JUNE 29, 1999
ANTHONY R. WILLIAMS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            John M. Oakey, Jr. (McGuire, Woods, Battle &
            Boothe, LLP, on brief), for appellants.

            Louis D. Snesil (Louis D. Snesil, P.C., on
            brief), for appellee.


     Cadmus Magazines and Royal Insurance Company of America

(jointly referred to herein as employer) appeal from an award of

benefits by the Workers' Compensation Commission (commission) to

Anthony R. Williams (claimant) for injuries incurred on employer's

premises as claimant was returning to work at the end of his lunch

break after having smoked cigarettes during that break while

seated in a car parked on employer's parking lot.  Although the

parties debate whether the personal comfort doctrine required such

award, we view the pivotal issue to be simply whether the

commission correctly ruled that claimant was injured in the course

of his employment.  There are no significant disagreements with

the facts contained in the commission's opinion.  For the

following reasons, we affirm the commission's award.

I.

Claimant worked for employer as an assistant mailing machine operator. On November 21, 1997, he was working the 7:00 p.m. to 7:00 a.m. shift. When the machine operator called for a break, claimant ate lunch in employer's cafeteria, located within employer's building. The lunch break lasted thirty minutes, and claimant ate quickly in order to have time to smoke cigarettes before returning to work. Although employer prohibited smoking inside the building, employer had no general prohibition against smoking.

Claimant stated that he is addicted to smoking and that he went outside every night to smoke after eating his lunch. Because it was raining on November 21, 1997, claimant went to a friend's car parked on the company parking lot to smoke inside the car. The parking lot is part of employer's premises. The lot is enclosed by a fence, and access is controlled by employer's security guards. The general public has no right to use the lot. At no time did claimant leave the company parking lot. At the conclusion of the lunch break, after smoking two cigarettes, claimant attempted to return to work. Because he was late returning to work, or because it was raining, claimant ran back to the main entrance. As he was hurrying up the wet and slippery concrete steps on the way to his place of work, claimant slipped and fell, injuring his knee.

Employer places no restrictions on employees regarding where they go or what they do during lunch breaks. Employees are allowed to perform personal errands, and they are not prohibited from going out into the parking lot during breaks. Employer does not pay employees for the time spent on the lunch break.

The deputy commissioner held that claimant's injury arose out of and in the course of his employment and awarded wage loss and medical benefits. The commission agreed and, while finding that claimant's need to smoke fell within the personal comfort doctrine, the commission also specifically found that claimant's habit was satisfied "in a manner and <u>at a place reasonably expected by his employer, without undertaking any unreasonable or unnecessary risk or danger</u>." (Emphasis added.)

## II.

The personal comfort doctrine, as applied to workers' compensation claims, in theory has general acceptance among the authorities.

> Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless, in some jurisdictions, the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment.

2 Larson, The Law of Workmen's Compensation ch. 21, p. 21-1

(1999).[1]  The Virginia Supreme Court has approved the "personal

comfort and convenience" doctrine:

> It is uniformly held that "[a]n injury
> sustained by an employee while engaged in
> the performance of an act essential to his
> personal comfort and convenience, but
> ultimately for the benefit of the employer,
> is compensable as 'arising out of' and 'in
> the course of' the employment."

Bradshaw v. Aronovitch, 170 Va. 329, 336, 196 S.E. 684, 686

(1938) (citation omitted).[2]

We neither approve nor disapprove of the commission's finding

that smoking is included in the personal comfort doctrine.

Because we agree with that part of the commission's finding that

claimant's injury arose out of and in the course of his

employment, we need not decide the issue.

---

[1] Professor Larson includes "smoking" as an incidental act of employment, along with resting, washing, seeking fresh air, coolness and warmth.  See Larson, supra at § 21.04.

[2] In Bradshaw, Justice Eggleston (later Chief Justice Eggleston) cited, with apparent approval, a case that included tobacco use as acts of comfort and convenience:  M'Lauchlan v. Anderson, 48 Scot. L.R. 349, 4 B.W.C.C. 376 (1911) (a Scottish workers' compensation case where an employee was injured while attempting to retrieve his smoking pipe)).  See Bradshaw, 170 Va. at 337, 196 S.E. at 687.  See also Jones v. Colonial Williamsburg Foundation, 8 Va. App. 432, 382 S.E.2d 300 (1989), aff'd on reh'g en banc, 10 Va. App. 521, 392 S.E.2d 848 (1990) (although not a case involving smoking, listing smoking among other personal conveniences); Whiting-Mead Commercial Co. v. Industrial Accident Comm'n, 173 P. 1105, 1106 (1918) (describing use of tobacco as a "solace" in approving award where claimant injured while lighting cigarette).

III.

In Jones v. Colonial Williamsburg Foundation, 10 Va. App. 521, 392 S.E.2d 848 (1990)(en banc), we affirmed the principle that once an employee is on the employer's premises with the intent to begin his or her services for the employer, injuries occurring thereon may be compensable.  See id. at 523-24, 392 S.E.2d at 850.

> "[E]mployment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done.  If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance.  In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached."

Brown v. Reed, 209 Va. 562, 565, 165 S.E.2d 394, 397 (1969) (quoting Bountiful Brick Co. v. Giles, 276 U.S. 154, 158 (1928)).  See 1 Larson, The Law of Workmen's Compensation § 13.01.  This principle applies equally to injuries sustained by an employee on the employer's premises when returning to work from a designated meal break.  See Prince v. Pan American World Airways, 6 Va. App. 268, 272, 368 S.E.2d 96, 97-98 (1988) (finding a compensable injury where the claimant was injured

when she slipped on the walkway leading to the building where she worked as she was returning to work from her lunch break).

During his entire lunch period, claimant remained on employer's premises and was injured on those premises as he attempted to return to perform defined services for employer. There is no evidence in this record from which we could conclude that employer disapproved of claimant using his free time to smoke while remaining on employer's premises, so long as it did not occur within the building where claimant performed his services for employer. Virginia has not declared smoking to be illegal, and claimant was not injured while committing a dangerous or unreasonable act.

For employer to prevail in this appeal, it had to prove that claimant's actions were so unreasonable and dangerous that it could reasonably be inferred that claimant intended to abandon his job when he elected to smoke inside a car parked on employer's private parking lot. See Wyle v. Professional Servs. Indus., Inc., 12 Va. App. 684, 688, 406 S.E.2d 410, 412 (1991) (holding that an employer has the burden of proving an affirmative defense). See, e.g., American Safety Razor Co. v. Hunter, 2 Va. App. 258, 262, 343 S.E.2d 461, 463 (1986) ("An employee may abandon his employment by reaching an advanced state of intoxication which renders the employee incapable of engaging in his duties."). Employer did not meet this burden.

Employer concedes that if claimant had gone to his car only to eat lunch, he would be entitled to the benefits awarded by the commission. Thus, employer would necessarily urge us to hold that if two employees at the same time went to the same place, and one ate lunch while the other smoked, and then, upon their respective returns to the actual work place, each fell on the same slippery steps, the diner would recover for his injury while the smoker would be barred. We rejected a similar analogy in Jones, and we respectfully decline to make such a distinction here.

For the reasons stated, we affirm that portion of the commission's opinion holding that claimant's injury arose out of and in the course of his employment and entitling him to the award made.

Affirmed.