COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


PATRICIA MARIE ANGELO
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0564-09-1                        JUDGE CLEO E. POWELL
                                                       OCTOBER 27, 2009
STIHL, INC. AND
  HARTFORD CASUALTY INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Sidney H. Kelsey, Jr. (Sidney H. Kelsey, Jr., P.C., on briefs), for
            appellant.

            Adam S. Rafal (Vandeventer Black LLP, on brief), for appellees.


       Patricia Marie Angelo ("Angelo") appeals a decision of the Workers' Compensation

Commission denying her benefits for injuries she sustained while walking in employer's parking lot

on her way back to work after a break.  Angelo contends that the commission erred in finding that

her injuries did not arise out of her employment.

                                     I.  BACKGROUND

       On September 19, 2007, Angelo was working as an assembly line worker for Stihl, Inc.

("employer").  At 8:00 a.m., Angelo went to her vehicle, which was parked in employer's private

parking lot, to smoke a cigarette during her morning break.  She saw a pickup truck parked next

to her, but she did not notice anything unusual about it.  As she returned to work, Angelo hit a

ball hitch attached to the pickup truck, causing her to fall to the ground.  As a result of the fall,

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Angelo suffered abrasions, a head injury, an arm contusion, a fractured right wrist, and chronic pain in her right hip.

Angelo later testified that she was looking straight ahead when she tripped over the ball hitch on the pickup truck. She further testified that she did not notice anything unusual about the pickup truck, and she did not recall any rain or other unusual weather.

Angelo filed a claim for benefits with the Virginia Workers' Compensation Commission (the "commission") on January 31, 2008. On April 25, 2008, the deputy commissioner awarded benefits to Angelo, finding that her injuries arose out of and in the course of her employment.

On May 6, 2008, employer filed a request for review of the deputy commissioner's decision. Upon review, a majority of the full commission reversed the deputy commissioner's decision that claimant's injury arose out of her employment, stating:

> There is no connection between [Angelo's] employment and a ball hitch on a vehicle in the employer's parking lot. Any parking lot could have a vehicle with a hitch protruding from its rear. There is nothing that connected the ball hitch to the conditions under which the work was performed or as a result of some employment-related situation. The general public has the same risk in any parking lot at anytime. The vehicle was not a company vehicle or one that the employer forced to park in a certain spot. There is nothing separating the vehicle with the ball hitch at [Angelo's] employment from a vehicle with a hitch in any other parking lot.

Angelo appeals.

## II. ANALYSIS

Under the Workers' Compensation Act, an injured employee "must prove by a preponderance of the evidence that the injury arose 'out of and in the course of the employment.'" Lucas v. Fed. Express Corp., 41 Va. App. 130, 133, 583 S.E.2d 56, 58 (2003) (quoting Code § 65.2-101). In the present case, it is undisputed that Angelo's injury occurred in the course of her employment. The only issue is whether Angelo proved the injury arose out of

- 2 -

her employment.[1]  "Whether an injury arises out of and in the course of employment involves a mixed question of law and fact, which we review *de novo* on appeal."  Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).

"The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).  Merely proving a fall occurred at work, even at an unfamiliar location, does not prove a causative danger of the workplace. Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 203-04, 455 S.E.2d 761, 763 (1995). Rather, the claimant "must show that a condition of the workplace either caused or contributed to her fall."  Id. at 202, 455 S.E.2d at 763.  In other words, "[a] 'critical link' must exist between the conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment."  Pinkerton's Inc. v. Helmes, 242 Va. 378, 380, 410 S.E. 2d 646, 647 (1991). Furthermore, "[t]he actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

The commission, in denying Angelo's benefits, found that there was no connection between the truck with a ball hitch in employer's parking lot and the conditions under which

---

[1] We note that the commission applied the personal comfort doctrine incorrectly in the present case.  The commission concluded that "[s]moking is within the personal comfort doctrine, and [Angelo] was still in the course of her employment while she was outside," but then the Commission determined that the personal comfort doctrine did not apply because Angelo's injury did not arise out of her employment.  The personal comfort doctrine operates only to keep the employee within the course of employment; it has no bearing on whether injury arises out of the employment.  See Cadmus Magazines v. Williams, 30 Va. App. 129, 132, 515 S.E.2d 797, 798 (1999) (citing 2 Larson, The Law of Workmen's Compensation ch. 21, p. 21-1 (1999)) ("Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless, in some jurisdictions, the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment").

Angelo must perform her job. Thus, the commission implicitly found that there was no 'critical link' between the conditions of the workplace and Angelo's injury and that, therefore, the presence of a truck with a ball hitch in the employer's parking lot was not a work-related risk.

Angelo, on the other hand, asserts that the work-related risk in this case was "the existence and proximity of a vehicle in the employer's parking lot equipped with a ball hitch not seen or noticed by her until her knee struck it as she was exiting her vehicle to return to the facility." She argues that the presence of a truck with an unnoticed ball hitch was analogous to a defect or abnormal condition in the parking lot.

Were we to accept such an argument, it would be necessary for us to find that the pickup truck or the ball hitch was, in fact, defective or an abnormal condition of employer's parking lot. This we cannot do. When the commission's findings are supported by credible evidence, we will not disturb them on appeal. Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E. 2d 687, 690 (1985). An examination of the facts in the present case demonstrates that there is nothing to indicate that either the pickup truck or the ball hitch was defective. In fact, Angelo testified that there was nothing unusual about the pickup truck or the ball hitch. Furthermore, the presence of a pickup truck with a ball hitch is not an "abnormal condition" under our jurisprudence. See, e.g., Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 159 S.E.2d 633 (1968) (a higher than normal stair is an abnormal condition); Williams, 30 Va. App. at 129, 515 S.E.2d at 797 (wet and slippery concrete steps at main entrance to employer's building is an abnormal condition); Price v. Pan American World Airways, 6 Va. App. 268, 368 S.E.2d 96 (1988) (icy patch in front of the entrance to the building housing employer's offices is an abnormal condition).

## III.  CONCLUSION

In the present case, Angelo failed to prove by a preponderance of the evidence that her injury arose out of her employment.  As such, the decision of the commission is affirmed.

<u>Affirmed.</u>