## 桃teithruille.

### ALVIN TAYLOR V. BINSWANGER & CO., ET AL.

#### June 29, 1921.

MASTER AND SERVANT—*Workmen's Compensation Act—Employees Going to or Returning from Lunch.*—The Virginia workmen's compensation act provides for compensation for certain employees on account of accidental injuries "arising out of and in the course of the employment." Acts 1918, p. 638, sec. 2, cl. (d). Injuries received by employees off of the premises of the employer going to or returning from lunch do not arise out of or in the course of their employment.

Certified question from the Industrial Commission pursuant to the provisions of section 61 of the workmen's compensation act (Acts 1918 p. 637).

PER CURIAM:

The Industrial Commission, pursuant to the provisions of section 61 of the workmen's compensation act (Acts 1918, page 637), has certified to us a question which is presented as follows:

"The claimant, Alvin Taylor, was, on the 21st day of January, 1921, and had for some time prior thereto been, employed by the defendant, Binswanger & Company, at its glass factory in the city of Richmond. The claimant is a boy a little over fifteen years of age. He was employed as an office boy, and among other duties incident to his employment, did errands for his employer. The employees were allowed one hour for lunch, from twelve noon to one P. M. The employer made no provision for furnishing lunch to its

employees, but the noon hour was allowed them for the purpose of procuring their lunch. Sometimes the employees would bring their lunch with them and eat it upon the premises.

"The claimant's working hours were from 8 A. M. to 6 P. M. On January 21, 1921, the claimant left the premises at 12 and was proceeding on his bicycle, using the most direct route, to his home where he expected to get his lunch, when at the corner of 11th and Decatur streets, he being on the right side of 11th street going east, he was run into by an automobile coming down Decatur street and in a northerly direction, said automobile being on the left side of Decatur street.

"The bicycle upon which the claimant was riding was struck and the claimant was thrown to the ground, in consequence of which he suffered a fracture of the skull on the left side of his head, and was carried to the Memorial Hospital. He was operated upon and continued at the hospital for a period of three weeks and two days, when he was discharged; but was unable to return to work until the 5th of April. The bicycle upon which the claimant was riding the day of the accident was his own property but was frequently used by him in connection with his duties as an errand boy for his employer.

"The defense made by the carrier company is that the accident thus suffered by the claimant 'did not arise out of or in the course of his employment' with his employer, Binswanger & Company.

"The question of law which is here respectfully certified to this honorable court for its decision and determination is:

"Under the facts above detailed is the claimant entitled to compensation under the provisions of the workmen's compensation act; or, to state the case more generally, do lunch hour accidents, that is, accidents sustained by an

employee when proceeding directly to the place where he is to procure his noon day meal (during the period set apart and allowed by his employer for that purpose), or returning therefrom directly to his place of work, come within the intendment of the workmen's compensation act and made compensable thereunder?"

"We are of opinion that the question should be answered in the negative. The Virginia workmen's compensation act provides for compensation for certain employees on account of accidental injuries "arising out of and in the course of the employment." (Acts 1918, p. 638, sec. 2, clause [d].) Injuries received by employees, off of the premises of the employer and going to or returning from lunch, do not arise out of or in the course of their employment. The authorities on the subject are not uniform, but the conflict is due mainly to varying provisions of the statutes in different jurisdictions. In view of the provisions of the Virginia statute, the conclusion here announced appears to us to be correct, and is well supported by authority. 28 R. C. L. p. 804, section 93.