**Richmond**

VIVIAN PRINCE

v.

PAN AMERICAN WORLD AIRWAYS, et al.

No. 1017-87-2

Decided May 3, 1988

COUNSEL

William G. Shields (Anderson, Parkerson & Shields, on briefs), for appellant.

Marianne Nelms (Mary Louise Kramer, Sands, Anderson, Marks & Miller, on brief), for appellee.

OPINION

BENTON, J.—Vivian Prince was returning from lunch when she slipped and fell on an icy walkway leading to the building where her employer, Pan American World Airways, maintains its offices in the City of Alexandria. On this appeal, Prince raises the questions whether the walkway on which she fell and injured herself was part of Pan Am's extended premises and whether her injury is compensable. We conclude that Prince suffered an injury by accident which arose out of and in the course of her employment, and we reverse the commission's denial of an award.

The facts which gave rise to the claim are undisputed and not complex. Pan Am employed Prince as a reservations clerk in an office building where it leased several floors. A walkway extends from the public sidewalk onto the grounds surrounding the building. At a point on the grounds the walkway divides and leads to two entrances, which are located on opposite sides of the building. On January 3, 1987, the walkway was partly covered by snow and ice which had been deposited by a snowstorm on the previous day.

Prince normally ate her lunch on Pan Am's premises; however, on this day she and a co-worker went to a restaurant across the street from the building for lunch because the vending machines in the building were empty. Although Prince was paid for a full eight hour day, including her lunch hour, she was free to eat either on or off the premises. As Prince and her co-worker were returning to work from the lunch break, Prince slipped on ice on the walkway and fell backwards approximately five feet from the building's entrance. She suffered disabling injuries to her hip, low back, neck, and head.

Upon the evidence adduced at the hearing, Commissioner Joyner found that the walkway where Prince fell was part of Pan Am's extended premises and that the ice on the walkway caused

Prince to slip and fall. Citing several commission decisions, including *Ocheltree v. Dairy Queen/Brazier*, 64 O.I.C. 244 (1985)(parking lot of a shopping center was the extended premises of an employer whose business was located there and whose employees were directed to park in distant parts of the lot), Commissioner Joyner held that Prince's injury arose out of and during the course of employment. Upon review, the full commission reversed the award of compensation, holding that there was "no legal basis for extending the employer's premises to take care of the sidewalk where this employee fell." Citing its decision in *Cousins v. Commonwealth of Virginia, State Comptroller's Office* (unpublished, May 12, 1977)("entrance to . . . building and at least the first step onto the walkway is deemed in the scope of employment as part of . . . building"), the commission concluded that an employer's premises stop "when the employee has reached the public walkway to the building." Because we conclude that the walkway where Prince was injured falls within Pan Am's extended premises, we reverse the decision.

> [A]n accident occurs in the "course of employment" when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incident thereto. . . .[A]n injury arises out of the employment "when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

*Brown v. Reed*, 209 Va. 562, 564, 165 S.E.2d 394, 396-97 (1969)(citations omitted). Generally, an employee going to and from the workplace is not engaged in activity arising out of and in the course of employment. *Kent v. Virginia-Carolina Chemical Co.*, 143 Va. 62, 66, 129 S.E. 330, 331 (1925). Employment, however, cannot be rigidly limited by the walls of the specific space that constitute the workplace.

> [T]here is no concept of "instantaneous exit" from a place of employment immediately upon termination of work. . . . [E]mployment includes not only the actual performance of the work, but also "a reasonable margin of time and space

necessary to be used in passing to and from the place where the work is to be done." . . . [I]f an employee sustains an injury while passing, with the express or implied consent of the employer, to or from his or her work by a way over the employer's premises, "or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises," the injury is as causally related to the employment as if it had been sustained while the employee was engaged in work at the place of its performance.

*Barnes v. Stokes*, 233 Va. 249, 252, 355 S.E.2d 330, 331 (1987)(citations omitted); *see also Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158 (1928).

█ Initially, we note that the principles applicable to going to and from the workplace are also applicable to the journey to and from a lunch break.

[W]hen the employee has a definite place and time of work, and the time of work does not include the lunch hour, the trip away from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day. . . .

1 A. Larson, *Workmen's Compensation Law* § 15.51 (1985); *see also Borelli v. New York Telephone Co.*, 93 A.D.2d 940, 940, 462 N.Y.S.2d 305, 306 (1983). Although our Supreme Court held in *Taylor v. Binswanger & Co.*, 130 Va. 545, 107 S.E. 649 (1921) and *Dreyfus & Co., Inc. v. Meade*, 142 Va. 567, 129 S.E. 336 (1925) that the employees, who were injured during their lunch breaks, did not suffer injuries arising out of and in the course of employment, these decisions are not inconsistent with the principle that employees going to and from lunch are of the same status as employees going to and from work. In *Taylor* and *Meade*, the employees were injured by automobiles several blocks distant from their employers' premises while travelling on public streets. In both cases, the employees were beyond any reasonable construction of the employers' premises or extended premises. In neither case could it be said that the employee was upon the premises of another "in such proximity and relation as to be in practical effect a part of the employers' premises." *Barnes*, 233 Va. at 252, 355 S.E.2d at 331. Thus, neither *Taylor* nor *Meade* conflicts with the

essential premise that when an employee is legitimately entering or leaving the employer's premises for lunch as expected or required, the nexus to the employment is no greater or less than when the employee is entering or leaving the employer's premises at the beginning or end of the work day. Consequently, we apply those governing principles to the circumstances of this case.

■ Pan Am argues that Prince was not on its premises when injured. Pan Am and Prince agree that when Prince slipped and fell on ice approximately five feet from one of two entrances to the building she was no longer on the sidewalk maintained by the city but, rather, she was on the privately owned walkway leading to the building where Pan Am's offices were located. It is also not disputed that this walkway was open to members of the public who conducted business with the building's tenants. We conclude that the undisputed evidence that Pan Am was neither the owner of the property nor the sole tenant in the building is not controlling. *See Barnes*, 233 Va. at 252, 355 S.E.2d at 331. Likewise, it is not significant that other tenants and members of the public invited to enter the business had a right to use the walkway. *See Chicago Tribune v. Industrial Comm'n of Illinois*, 136 Ill. App. 3d 260, 483 N.E.2d 327 (1985); *In re Harlow's Case*, 345 Mass. 765, 186 N.E.2d 925 (1962); *Harrold v. Air Terminal Services, Inc.*, 53 O.I.C. 132 (1971); *Bertnick v. Hotel Roanoke Beauty Shop*, 37 O.I.C. 147 (1953).

■ Prince entered the premises legitimately at the conclusion of her lunch to resume work-related duties. Her presence on the walkway to the building, therefore, was required and expected by virtue of her employment by Pan Am. Although not owned by and not required to be maintained by Pan Am, the walkway was provided by the owner of the building as a convenience to the tenants for use by their employees and invitees. According to Professor Larson, when the workplace is located in an office building, an injury sustained by an employee in that building or on the grounds immediately surrounding the building is generally considered to have taken place on the employer's premises, even if the employer did not own or lease the particular place where the injury occurred, provided the employer "has some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, footbridges, driveways, or passageways through which the employer has something

equivalent to an easement." 1 A. Larson, *Workmen's Compensation Law* § 15.43 (1985). Here, the walkway was a common avenue of passage over the grounds and an essential means of ingress and egress from the public right-of-way to Pan Am's place of business. As such, it constituted the premises "of another in such proximity and relation as to be in practical effect a part of the employer's premises." *Barnes*, 233 Va. at 252, 355 S.E.2d at 331.

Pan Am further argues that recovery should be denied because Prince was walking along one of the two available paths leading to the building's entrances. *Cf. Kendrick v. Nationwide Homes, Inc.*, 4 Va. App. 189, 355 S.E.2d 347 (1987)(recovery denied when injury occurred off the plant site on a railroad crossing over one of two roads leading to the plant site). We disagree. Because the injury occurred on property that we deem "to be in practical effect" a part of Pan Am's premises, it is irrelevant that there were two entrances to the building and that the walkway on which Prince fell was not the exclusive means of entering the building. *See generally* 1 A. Larson, *supra* at § 15.43. Moreover, even if Pan Am had no control or management over the walkway which provided access from the public sidewalk across the private grounds to the building, the hazards of that route quite obviously were hazards of the employment because it was necessary to traverse that route to enter the building from the public right-of-way. "[E]mployment may begin in point of time before the work is entered upon and in point of space before the place where the work to be done is reached." *Bountiful Brick Co.*, 276 U.S. at 158.

We also note that the record reflects that the path along the walkway to the other entrance was no less hazardous. Prince's coworker fell on the other path as she and Prince entered the building earlier that morning at the beginning of the work day. Furthermore, Prince was not dawdling at the time she fell. There is no evidence in the record which suggests that she was engaged in a personal venture. The route that Prince was taking was the most direct route from the restaurant to her place of employment.

In reversing the award, the commission likened this case to *Jessee v. Dr. James Roberson*, 60 O.I.C. 232 (1981) and distinguished it from the commission's unpublished opinion of *Cousins v. Commonwealth of Virginia, State Comptroller's Office* (May 12, 1977). We disagree with that analysis. In *Jessee* the employee was returning from lunch "and was approximately two doors

down from her office when a car jumped the curb and struck her while she was walking down the sidewalk." *Jessee* at 233. In contrast to the employee in *Jessee* who was not by any definition on the premises of her employer, the employee in *Cousins* was "stepping from her building's last granite step onto the icy brick walkway . . . [when] she slipped and fell." The commission properly determined that "the entrance to [Cousins'] building and at least the first step onto the walkway is deemed in the scope of employment as part of her building." We conclude that the circumstances surrounding Prince's injury, occurring at a place functionally equivalent to the employer's premises, more closely parallel the facts and holding of *Cousins. See also Chicago Tribune v. Industrial Comm'n of Illinois*, 136 Ill. App. 3d 260, 483 N.E.2d 327 (1985)(a fall in a public shopping gallery located in the lobby of the building where claimant was employed on the eighth floor occurred on the premises and was compensable); *Irvine v. Sentry Ins. Co.*, 415 So. 2d 467 (La. Ct. App. 1982)(injury occurring on concrete ramp leading to building where claimant was employed was on the premises and compensable); *Interstate United Corp. v. Workmen's Comp. Appeal Bd.*, 56 Pa. Commw. 385, 424 A.2d 1015 (1981)(injury which occurred on a footbridge connecting plant grounds to a public street was on the premises and compensable); *Morris v. City of Oklahoma City*, 606 P.2d 1129 (Okla. 1979)(injury on a ramp leading to building where claimant was employed occurred on the premises and was compensable); *Bergeron v. Kilnic Co.*, 108 R.I. 313, 274 A.2d 753 (1971)(injury occurring on a driveway which connected the building in which claimant was employed to the public street was on the premises and was a compensable injury); *Robinson v. YWCA*, 215 Pa. Super. 19, 257 A.2d 690 (1969)(injury occurring on pavement which was located on employers' property and which connected employer's building to the public sidewalk was on the premises and was compensable).

Finally, we note that Pan Am paid Prince her normal hourly rate during her lunch periods as an incident of her contract of employment. However, because her injury occurred in an area which was in practical effect a part of Pan Am's premises and was compensable, we do not decide the issue which the commission also did not address—whether Prince's injury necessarily was deemed to have occurred in the course of her employment because she was paid as an incident of her employment during lunch peri-

ods. *See Kent v. Virginia-Carolina Chemical Co.*, 143 Va. at 66, 129 S.E. at 332; 1 A. Larson, *supra* at § 15.52.

For the stated reasons, we reverse the decision of the commission and remand this appeal for further proceedings consistent with this opinion.

*Reversed and remanded.*

Baker, J., and Cole, J., concurred.