**Alexandria**

WETZEL'S PAINTING AND WALLPAPERING

AND

ERIE INSURANCE EXCHANGE

v.

PAUL RICHARD PRICE

No. 0109-94-4

Decided October 25, 1994

COUNSEL

Melissa W. Scoggins (Dale W. Webb; Monica L. Taylor; Gentry, Locke, Rakes & Moore, on brief), for appellants.

A. Thomas Lane, Jr., for appellee.

OPINION

DUFF, S.J.—On appeal, appellants, Wetzel's Painting and Wallpapering and its insurer, contend the Workers' Compensation Commission erred in holding that Paul Richard Price (claimant) sustained an injury by accident arising out of and in the course of his employment on January 21, 1993. For the reasons stated below, we affirm the commission's decision.

The material facts are not in dispute. On January 21, 1993, claimant provided his own transportation to the jobsite to paint the interior of a house. He arrived at 8:30 a.m., rather than his regular reporting time of 7:30 a.m. He exited his car on a public street. The driveway he intended to use was made of gravel with a concrete apron connecting it to the street. The concrete apron was ultimately to be a part of the sidewalk crossing the driveway. The concrete for the sidewalk on either side of the driveway had not yet been poured. The weather was cold and rainy, and the yard between the curb and the house was muddy. Claimant took ten or fifteen steps after exiting the vehicle, then slipped, fell on the concrete apron, and broke his collar bone. The concrete apron appeared to be wet; however, after he fell, claimant discovered that it was covered with ice.

Michael Mars, a surveyor, examined the area where claimant fell. He stated that the area of the fall was public property, within the fifty-foot right-of-way for the street and was accepted by the City of Harrisonburg as public property on October 16, 1992.

Robert Wetzel, owner of Wetzel's Painting and Wallpapering, testified that the yard was unfinished, but that claimant could have entered the house through the garage door, a front entrance, or through two separate back entrances.

On June 1, 1993, a hearing was held on claimant's application seeking temporary total disability benefits for the period from

January 22, 1993 through March 23, 1993. On July 6, 1993, the deputy commissioner found that claimant did not meet the actual risk test and held that "[t]he extension of the premises rule [was] not applicable to an employee walking on a public right-of-way."

On appeal the full commission reversed and found that claimant proved an injury by accident arising out of and in the course of his employment. "[H]is injury occurred on property that was 'in practical effect' on the employer's premises during a period of employment that 'includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done.' "

Relying upon *Prince v. Pan American World Airways*, 6 Va. App. 268, 273, 368 S.E.2d 96, 98 (1988), the commission held that, although the employer did not own the concrete apron where the claimant was injured, that fact was not controlling when deciding whether his injury arose out of and in the course of his employment. Moreover, because the injury occurred on property deemed to be a part of the employer's premises, the commission found irrelevant that there were other entrances to the house. The commission also found no evidence showing that the other three entrances were any less hazardous, given the weather conditions.

■ A finding by the commission that an injury arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal. *Dublin Garment Co. v. Jones*, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986). A claimant has the burden of proving that his injury arose out of and in the course of his employment. *See Winegar v. International Telephone & Telegraph*, 1 Va. App. 260, 261, 337 S.E.2d 760, 760 (1985).

■ As a general rule, "an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment." *Boyd's Roofing Co., Inc. v. Lewis*, 1 Va. App. 93, 94, 335 S.E.2d 281, 282 (1985) (quoting *Kent v. Virginia-Carolina Chem. Co.*, 143 Va. 62, 66, 129 S.E. 330, 332 (1925)). Thus, an injury incurred while going to or from work is generally not compensable. However, several exceptions to the general rule have been recognized.

We agree with the commission that *Prince* controls this case. In *Prince*, the employee was returning from lunch when she fell on an icy walkway leading to the building where her employer maintained its offices. 6 Va. App. at 270, 368 S.E.2d at 96. The walkway extended from the public sidewalk onto the grounds surrounding the building. *Id.* The employer leased space in the building, but did not own it and was not required to maintain the walkway. *Id.* at 270, 273, 368 S.E.2d at 96, 98.

In this case, claimant fell on an icy concrete apron leading to the driveway he intended to traverse in order to enter the house where he was going to perform work for his employer. As in *Prince*, the fact that claimant's employer did not own or maintain the concrete apron is not dispositive. *Id.* at 273, 368 S.E.2d at 98; *see also Barnes v. Stokes*, 233 Va. 249, 252, 355 S.E.2d 330, 332 (1987). In *Prince*, we held as follows:

> [T]he walkway was a common avenue of passage over the grounds and an essential means of ingress and egress from the public right-of-way to [the employer's] place of business. As such, it constituted the premises "of another in such proximity and relation as to be in practical effect a part of the employer's premises."

6 Va. App. at 274, 368 S.E.2d at 98 (citation omitted). The concrete apron leading to the driveway provided a common means of passage over the grounds to the house and an essential means of ingress and egress from the public street to the house where the work was to be performed. As such, the commission, in following the reasoning in *Prince*, correctly found that the concrete apron constituted a part of the employer's premises.

In *Prince*, the employee was required to traverse the walkway to enter the building from the public right-of-way. Here, the claimant was required to traverse the concrete apron leading from the public street into the driveway in order to enter the house to paint. Thus, the hazards of the concrete apron were hazards of claimant's employment. *See id.* at 274, 368 S.E.2d at 99. Because claimant's injury occurred on property we deem to be in practical effect a part of the employer's premises, it was irrelevant that other entrances into the building were available. *Id.* Further, no evidence established that the other entrances were less hazardous than the entrance claimant used.

Particularly apropos to the issue presented is the language of the Supreme Court of Virginia in *Brown v. Reed*, 209 Va. 562, 565, 165 S.E.2d 394, 397 (1969):

In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached.

For these reasons, we hold the commission did not err in finding that claimant's injury by accident arose out of and in the course of his employment. Accordingly, the opinion appealed from is affirmed.

*Affirmed.*

Moon, C.J., and Fitzpatrick, J., concurred.