COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Haley and Senior Judge Coleman
Argued by teleconference


DELORES GASTON

                                                MEMORANDUM OPINION* BY
v.       Record No. 2770-08-4                   JUDGE ROBERT J. HUMPHREYS
                                                AUGUST 11, 2009

YUILL BLACK, M.D. AND
  MICHAEL R. KLETZ, M.D., P.C. AND
  CONTINENTAL CASUALTY COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Matthew J. O'Herron (Turbitt & O'Herron, P.L.L.C., on brief), for
              appellant.

              (Jennifer G. Capocelli; Law Offices of Roya Palmer Ewing, on
              brief), for appellees.  Appellees submitting on brief.


        Delores Gaston ("Gaston") appeals a judgment of the Workers' Compensation

Commission ("the commission") dismissing her claim for benefits from Yuill Black, M.D. and

Michael R. Kletz, M.D., P.C. and Continental Casualty Company (hereinafter "employer").  On

appeal, Gaston contends that the commission erred in:  (1) ruling that the grassy area was not an

extension of employer's premises, and (2) finding that Gaston was walking on the grassy area at

the time of her injury.[1]  For the following reasons, we disagree with Gaston and affirm the

decision of the commission.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Gaston also argues that the commission erred in ruling that she did not sustain a
compensable injury.  However, as Gaston recognizes in her brief, "[t]his question is addressed by
the analysis of the first two questions."

"Code § 65.2-101 requires a person who claims benefits under the Workers' Compensation Act to prove an 'injury by accident arising out of and in the course of the employment.'" K & G Abatement Co. v. Keil, 38 Va. App. 744, 755, 568 S.E.2d 416, 421 (2002) (quoting Code § 65.2-101). "A finding by the commission that an injury arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal." Wetzel's Painting & Wallpapering v. Price, 19 Va. App. 158, 160, 449 S.E.2d 500, 501 (1994). However, the factual findings of the commission are "conclusive and binding upon this Court on appeal," so long as they are supported by credible evidence in the record. So. Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).

"The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." Marketing Profiles v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (en banc). *The burden rests with the claimant to prove each condition* by a preponderance of the evidence. Id. "The language 'arising out of' refers to the origin or cause of the injury while the language 'in the course of' refers to the time, place, and circumstances under which the accident occurred." Briley v. Farm Fresh, Inc., 240 Va. 194, 197, 396 S.E.2d 835, 836-37 (1990). "An accident occurs during the course of the employment if it takes place within the period of employment, at a place where the employee may reasonably be expected to be, and while the employee is reasonably fulfilling the duties of the employment or is doing something reasonably incidental to it." Id. In order for an injury to arise out of employment, it must be the result of a "'condition of the workplace.'" Jones v. Colonial Williamsburg Foundation, 10 Va. App. 521, 522, 392 S.E.2d 848, 849 (1990) (en banc) (quoting County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 76 (1989)).

Generally, "'an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment.'" Boyd's Roofing Co., Inc. v. Lewis, 1 Va. App. 93, 94, 335 S.E.2d 281, 282 (1985) (quoting Kent v. Virginia-Carolina Chem. Co., 143 Va. 62, 66, 129 S.E. 330, 332 (1925)).  However, this Court has recognized an exception to the general rule when the claimant's injury occurs on an exclusive way of ingress and egress from the place of employment.  See Stone v. Keister's Mkt. & Grill, 34 Va. App. 174, 538 S.E.2d 364 (2000); see also Wetzel's Painting, 19 Va. App. at 160, 449 S.E.2d at 501.

In Brown v. Reed, 209 Va. 562, 565, 165 S.E.2d 394, 397 (1969), the Supreme Court of Virginia explained that "[t]here is no such thing as [an] 'instantaneous exit'" from employment.  Rather:

> "[E]mployment includes not only the actual doing of work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done.  If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance."

Id. (quoting Bountiful Brick Co. v. Giles, 276 U.S. 154, 158 (1928)).  This principle applies to employees going to and from lunch just as it does to employees going to and from work.  See Prince v. Pan American World Airways, 6 Va. App. 268, 271, 368 S.E.2d 96, 97 (1988); see also 1 A. Larson, Workmen's Compensation Law § 15.51 (1985).

Gaston argues that the facts of this case are analogous to those of Prince.  We disagree. In Prince, the claimant was injured when she slipped on an icy walkway just five feet from the entrance to her employer's building.  The claimant was returning from lunch at the time of her

fall. In reversing the commission, we held that the walkway leading into the office building "was in practical effect a part of [the employer's] premises . . . ." Prince, 6 Va. App. at 275, 368 S.E.2d at 99. Therefore, we held that the claimant sustained a compensable injury, because:

> [W]hen the workplace is located in an office building, an injury sustained by an employee in that building or on the grounds immediately surrounding the building is generally considered to have taken place on the employer's premises, even if the employer did not own or lease the particular place where the injury occurred, *provided the employer "has some kind of right of passage*, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, footbridges, driveways, or passageways through which the employer has something equivalent to an easement."

Id. at 273-74, 368 S.E.2d at 98 (quoting 1 A. Larson, supra at § 15.43) (emphasis added). Thus, under Prince, in order for Gaston to establish that she sustained a compensable injury, Gaston had the burden to prove that she sustained her injury in an area over which "the employer 'has some kind of right of passage.'" Id. at 273, 368 S.E.2d at 98. Given the record before us, we cannot say that the commission was plainly wrong in finding that Gaston did not meet that burden.

Gaston's testimony is the only evidence in the record in this case. Gaston testified that she left the office and proceeded down a flight of stairs that led to the building's main entrance. Gaston then left the building through the main entrance. At some point, Gaston "went to make a left turn and tripped over some object," causing her to fall. Gaston testified that, when she fell, "[t]he left side of [her] face hit the *ground*." (Emphasis added). However, nowhere in her testimony does Gaston state where she was walking at the time of her fall. By contrast, the facts of Prince unequivocally show that the claimant was injured "when she slipped and fell on an icy walkway leading to the building where her employer . . . maintained its offices . . . ." Prince, 6 Va. App. at 270, 368 S.E.2d at 96. Furthermore, in Prince, the facts in the record described in detail the area in which the claimant was injured: "a walkway extends from the public sidewalk onto the grounds surrounding the building. At a point on the grounds the walkway divides and

- 4 -

leads to two entrances, which are located on opposite sides of the building." Id. That is not the case here.

Again, the burden in this case was on Gaston to prove that her injury arose out of and in the course of her employment. Specifically, Gaston had the burden to establish that the place where she fell was a walkway, sidewalk or other place where her employer had a "right of passage." She failed to meet that burden. Unlike Prince, the record is devoid of any evidence, whether by testimony, photograph or drawing, that indicates where Gaston was walking at the time of her fall. Without such evidence, we cannot hold as a matter of law that she was injured while in an area that "was in practical effect a part of [employer's] premises" or in an area over which employer "'ha[d] some kind of right of passage.'" Id. at 275, 368 S.E.2d at 99. Indeed, the only evidence Gaston presented and upon which the commission apparently relied, was that the sprinkler she tripped over was located in a grassy area rather than a walkway or other area of ingress and egress. Therefore, we cannot say that the commission was plainly wrong in its factual findings and we affirm its decision in holding that Gaston's injury was not compensable.

Affirmed.