COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Alston and Senior Judge Annunziata
Argued at Alexandria, Virginia


AMERICAN TRUCKING ASSOCIATION, INC. AND
  CHUBB INDEMNITY INSURANCE COMPANY

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0980-09-4                        JUDGE RANDOLPH A. BEALES
                                                         FEBRUARY 23, 2010
MARIANNE R. STALLINGS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Angela F. Gibbs (Richard S. Sperbeck; Midkiff, Muncie & Ross,
            P.C., on brief), for appellants.

            W. David Falcon, Jr. (Chasen Boscolo, on brief), for appellee.


        American Trucking Association, Inc. (ATA) and its insurer appeal the decision of the

Workers' Compensation Commission awarding medical benefits to Marianne Stallings

(claimant).  ATA argues on appeal that the commission erroneously found that claimant was

injured on ATA's "extended premises."  Finding no reversible error, we affirm the commission's

decision for the reasons stated below.

                                    I. BACKGROUND

        We view the evidence in the light most favorable to claimant, who prevailed below.  See

Westmoreland Coal v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999).  So viewed, the

evidence shows that claimant worked on the fourth floor of The Regent Building (the building),

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

several floors of which ATA leased.[1]  Claimant's workday was from 8:30 a.m. to 5:30 p.m., including an unpaid lunch hour.

On December 5, 2007, a snowy day, claimant and a colleague walked to a nearby restaurant to have lunch.  They intended to return to work using the building's west entrance, the entrance closest to the restaurant where they had lunch.  After exiting the public street and walking past the electronic card reader and gate that control access to the building's paved driveway and underground garage, claimant slipped on icy ground.  Claimant's fall resulted in injuries to her neck, lower back, and knees.

Claimant filed a claim with the commission seeking medical benefits.  ATA argued, *inter alia*, that claimant's injuries did not arise out of and in the course of her employment.[2]  Applying this Court's opinion in Prince v. Pan American Airways, 6 Va. App. 268, 368 S.E.2d 96 (1988), however, the deputy commissioner found that claimant's accidental fall occurred within ATA's extended premises ("on the driveway immediately in front of the building entrance," as he described it) and, therefore, awarded medical benefits to claimant.  The commission affirmed this decision,[3] and ATA now appeals to this Court.

## II.  ANALYSIS

Under the Workers' Compensation Act (the Act), an injured employee "must prove by a preponderance of the evidence that the injury arose 'out of and in the course of the employment.'"  Lucas v. Fed. Express Corp., 41 Va. App. 130, 133, 583 S.E.2d 56, 58 (2003)

---

[1] ATA did not own, control, or maintain any of the premises outside of the building.

[2] ATA's other arguments before the deputy commissioner – that claimant was not injured as she alleged and that medical treatment was not causally related to a compensable accidental injury – are not relevant to this appeal.

[3] The commission also denied ATA's motion to vacate and reconsider, in which ATA sought reconsideration of several of the commission's factual findings.

(quoting Code § 65.2-101). "Whether an injury arises out of and in the course of employment involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).

An injury incurred while going to or from work generally is not compensable under the Act. See Kent v. Virginia-Carolina Chemical Co., 143 Va. 62, 66, 129 S.E. 330, 331 (1925) (stating that "an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment"). "Employment, however, cannot be rigidly limited by the walls of the specific space that constitute the workplace." Prince, 6 Va. App. at 271, 368 S.E.2d at 97; see also Brown v. Reed, 209 Va. 562, 566, 165 S.E.2d 394, 397 (1969) (holding that employment under the Act "include[s] a reasonable interval of time" for "entry upon and departure from the place of work").

> [E]mployment includes not only the actual performance of the work, but also "a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done." . . . [I]f an employee sustains an injury while passing, with the express or implied consent of the employer, to or from his or her work by a way over the employer's premises, "or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises," the injury is as causally related to the employment as if it had been sustained while the employee was engaged in work at the place of its performance.

Prince, 6 Va. App. at 271-72, 368 S.E.2d at 97 (quoting Barnes v. Stokes, 233 Va. 249, 252, 355 S.E.2d 330, 331 (1987)). In addition, these principles are applicable "to the journey to and from a lunch break" and are still applicable when an employee, such as claimant here, "'has a definite place and time of work, and the time of work does not include the lunch hour . . . .'" Id. at 271, 368 S.E.2d at 97 (quoting 1 A. Larson, Workmen's Compensation Law § 15.51 (1985)).

The employee in Prince injured herself while returning from her lunch break when she slipped on an icy walkway approximately five feet from an entrance to the office building leased

- 3 -

by her employer.[4]  Id. at 270, 368 S.E.2d at 96.  This Court held that the employee's injuries were compensable under the Act because the walkway where she fell was "'in such proximity and relation as to be in practical effect a part of the employers' premises.'"  Id. at 272, 368 S.E.2d at 98 (quoting Barnes, 233 Va. at 252, 355 S.E.2d at 331).  Moreover, this Court held the fact that the employer did not own or maintain the entire building or that particular walkway was irrelevant because the employee's accident occurred in an area where the employer had a right of passage essentially comprising an easement.  Id. at 273-74, 368 S.E.2d at 98.

ATA argues that the commission incorrectly applied this Court's holding in Prince to the facts of this case.  ATA contends that several of the commission's factual findings – including, most notably, its finding that claimant was on a sidewalk when she fell – were unsupported by the evidence.  If these factual findings were discarded, ATA asserts, this Court's holding in Prince would not be controlling on the facts here.  However, the facts are undisputed that claimant here fell after exiting the public road and after passing the electronic card reader and gate controlling access to the paved driveway within the building's premises.  Furthermore, Prince did not limit the "extended premises" doctrine to sidewalks, nor did it foreclose compensation under the Act for accidents suffered on driveways located on grounds immediately surrounding an office building.  In fact, in discussing areas where an employer has "some kind of right of passage . . . through which the employer has something equivalent to an easement," this Court in Prince specifically mentioned "common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, footbridges, *driveways*, or passageways . . . ."  Id. at 274, 368 S.E.2d at 98 (emphasis added) (internal quotation marks and citation omitted).

---

[4] No evidence was presented at the evidentiary hearing before the deputy commissioner indicating precisely how far away claimant was from the west entrance of the building's door when she slipped and fell.  However, during oral argument before this Court, employer's counsel acknowledged that an employee need not be injured only five feet from the office building's door for this Court's holding in Prince to apply.

Therefore, the commission's ultimate conclusion was not contrary to the principles expressed by this Court in Prince, even if we were to assume that claimant was not actually walking on the sidewalk when she slipped and fell.

Moreover, we are constrained by this Court's decision in Wetzel's Painting & Wallpapering v. Price, 19 Va. App. 158, 449 S.E.2d 500 (1994). The employee in Wetzel's Painting, who was hired to paint the interior of a house, slipped and fell on an icy concrete apron connecting a public street to a gravel driveway outside his jobsite. Id. at 159, 449 S.E.2d at 500-01. The accident occurred before the employee reached the gravel driveway, and, in fact, a surveyor testified that the concrete apron where the employee fell was *public* property. Id. at 159, 449 S.E.2d at 501. Applying Prince, this Court affirmed the commission's finding that the employee's injury arose out of and in the course of his employment, holding:

> In Prince, the employee was required to traverse the walkway to enter the building from the public right-of-way. Here, the claimant was required to traverse the concrete apron leading from the public street into the driveway in order to enter the house to paint. Thus, the hazards of the concrete apron were hazards of claimant's employment. Because claimant's injury occurred on property we deem to be in practical effect a part of the employer's premises, it was irrelevant that other entrances into the building were available. Further, no evidence established that the other entrances were less hazardous than the entrance claimant used.

Id. at 161, 449 S.E.2d at 502 (citations omitted).

In this case, as in Prince and Wetzel's Painting, claimant was required to traverse the area where she fell in order to reach her workplace.[5] Unlike in Wetzel's Painting, where the injury was compensable under the Act even though the employee actually slipped and fell on *public*

_____

[5] It is undisputed that claimant here entered the premises legitimately at the conclusion of her lunch to resume work-related duties. See Prince, 6 Va. App. at 273, 368 S.E.2d at 99. Furthermore, claimant took the most direct route from the restaurant to her place of employment and was not taking a detour or longer route or otherwise engaged in a personal venture when she suffered her injury. See id. at 274, 368 S.E.2d at 99.

property, the evidence is undisputed that claimant suffered her injuries *after* exiting the public street on foot and *after* passing by the electronic card reader and gate controlling vehicular traffic onto the building's property. In light of this Court's holding in Wetzel's Painting, the commission did not err in finding that the employment here, under the facts of this case, "'beg[a]n in point of time before the work [wa]s entered upon and in point of space before the place where the work to be done [wa]s reached.'" Id. at 162, 449 S.E.2d at 502 (quoting Brown, 209 Va. at 565, 165 S.E.2d at 397). Therefore, sufficient credible evidence exists to support the commission's finding that claimant was injured on ATA's extended premises.

ATA also argues that this Court's decision in Cleveland v. Food Lion LLC, 43 Va. App. 514, 600 S.E.2d 138 (2004), where compensation was denied, should control the outcome here. The employer in Cleveland was one of five stores located in a strip mall that used a common parking lot; the employee in that case, who had parked her car in the parking lot, injured herself while running toward the store to begin her shift. Id. at 516-17, 600 S.E.2d at 139. Because the employer in Cleveland did not control the use of the parking area and did not control where its employees parked, this Court held that the parking lot was not part of the employer's extended premises. Id. at 520, 600 S.E.2d at 140; see also Hunton & Williams v. Gilmer, 20 Va. App. 603, 607-08, 460 S.E.2d 235, 237 (1995) (holding the employee's injury was not compensable because she was allowed, but not required, to park in a garage across the street from her employer, and because there was no evidence that she was injured in an area of the parking lot reserved for employees only). But see Barnes v. Stokes, 233 Va. 249, 252-53, 355 S.E.2d 330, 332 (1987) (holding the employee's injury was compensable because the accident "occurred in the area [of the parking lot] specifically allocated to the employer and at the place where the employees were required to park their vehicles"). However, this Court's holding in Cleveland is not applicable to the facts of this case.

Here, although ATA presented evidence concerning the parking arrangements it had made with its employees and with the owner of the building's parking garage, the commission found that such evidence was "not pertinent to this situation." The commission's finding here was not plainly wrong. As the commission found, the accident resulting in claimant's injuries did not occur in the parking garage or while she was entering the parking garage. Thus, the mere fact that claimant's vehicle was parked in the building's garage at the time of her injury is irrelevant to the analysis of ATA's extended premises here.

Instead, the relevant inquiry here is limited to where *claimant* was when she suffered her injuries. The evidence is undisputed that, while concluding her walk back to her place of employment, claimant slipped and fell after exiting the public road and after beginning to walk on the building's paved driveway. Claimant was injured while traversing "'an essential means of ingress and egress from the public right-of-way to [ATA's] place of business.'" Wetzel's Painting, 19 Va. App. at 161, 449 S.E.2d at 501 (quoting Prince, 6 Va. App. at 274, 368 S.E.2d at 98). ATA's employees had a right of passage over this area of the building's premises, see Prince, 6 Va. App. at 275, 368 S.E.2d at 99, and this was an area where claimant, who was returning to ATA's place of employment after her lunch break, was reasonably expected to be. See Brown, 209 Va. at 568, 165 S.E.2d at 399.

Therefore, the commission did not err in finding that claimant was injured on ATA's extended premises, and, accordingly, we conclude that the commission correctly awarded claimant medical benefits under the Act as a result of her workplace injury.

III. CONCLUSION

For the foregoing reasons, we affirm the decision of the commission.

Affirmed.

- 7 -