COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, McCullough and Senior Judge Clements
Argued at Alexandria, Virginia

UNPUBLISHED

CAPITAL AREA PEDIATRICS, INC. AND
  TWIN CITY FIRE INSURANCE COMPANY

                                            MEMORANDUM OPINION[*] BY
v.      Record No. 1557-12-4         JUDGE RANDOLPH A. BEALES
                                               MAY 7, 2013

SHARON DEANN EKEN

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Richard L. Butler (Law Office of Jonathan P. Jester, on briefs), for
appellants.

W. Geovanni Munoz (W. David Falcon, Jr.; Chasen Boscolo, on
brief), for appellee.

Capital Area Pediatrics (employer) and its workers' compensation insurance carrier

appeal the August 10, 2012 decision of the Virginia Workers' Compensation Commission (the

commission), in which the commission unanimously awarded Sharon Deann Eken (appellee and

claimant) compensation for her injuries that arose out of or in the course of her employment

under the extended premises doctrine. Employer argues that claimant failed to present sufficient

evidence to prove that she suffered a compensable accidental injury which arose out of or in the

course of her employment, and argues that the commission applied the incorrect legal analysis to

the facts of this case. We disagree, and for the following reasons, affirm the commission's

award to claimant.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On May 12, 2011, claimant filed a claim for benefits in the commission alleging injuries to her left shoulder, left hip, and both knees resulting from a workplace accident on January 28, 2011.[1] She sought temporary total disability benefits, permanent partial disability benefits, and medical benefits. Claimant asserted in her claim that she "[f]ell on unseen ice on the untreated concrete at the main entrance to my work building on my way to work."

At the evidentiary hearing before the deputy commissioner on October 25, 2011, employer raised two main defenses: (1) that claimant did not sustain a compensable injury by accident arising out of and in the course of her employment, and (2) that she failed to adequately market her residual capacity during periods of partial incapacity.

Claimant testified at the hearing that she had worked for employer for more than 15 years as a registered nurse. On January 28, 2011, the day of the accident at issue, she parked on the side of her office building, exited her vehicle, and walked to the front of the building. Claimant's Exhibit Nos. 3-5 show photographs of the sidewalk, parking lot, and building exterior. At the hearing, claimant marked an "x" on Claimant's Exhibit No. 4, showing the exact location on the sidewalk leading to the front of the building where she fell. Claimant testified, "I fell towards the building on the sidewalk. As I attempted to stand, but I could not use the entire left side of my body." Claimant said that, if she had not fallen, "I would have proceeded through the doors and gone through the lobby" of the building and "t[aken] the elevators up to the second floor where I worked." Claimant testified that, after she fell, "I did see an indented uh, area of ice in front of the bushes . . . ." She testified that the ice caused her to fall.

---

[1] In an amendment to her claim filed on May 17, 2011, claimant alleged that she had also suffered a left ankle injury as a result of the January 28, 2011 incident.

Claimant acknowledged that public parking was available on all sides of the building and that she could park anywhere she wanted to park in the parking lot. She testified that the sidewalk "goes from white concrete to some type of brick" and that she fell on the white concrete just before the brick section.[2] Claimant also acknowledged that there were several tenants in the building, that employer was on the second floor, and that she had to "punch in" to begin work. She testified that she took the most direct route from her vehicle to the front door.

Suzanne Crossley, employer's office manager, testified that employer leased space in the building and that the terms of the lease included the use of the parking lot for patients and employees. She acknowledged that the photographs claimant presented at the hearing showed the outside of the building, including the front of the building. Crossley testified that someone who parked on the side of the building could use the sidewalk to access the front door.

The deputy commissioner found that claimant injured her left shoulder, left hip, right knee, and left knee – but not her ankle – and proved total disability from January 29 through

_____

[2] At oral argument in this appeal, employer argued that the claim was not compensable because claimant fell on the *concrete* sidewalk (which employer contends is an extension of the parking lot) – and not on the *brick* sidewalk (which led to the building's entrance). However, employer did not make this specific argument to the commission, and the commission did not make a ruling on it. "As a result, on appeal to this Court, we have no commission ruling to review on the issue" of whether the claim was compensable because claimant fell on the concrete sidewalk as opposed to the brick sidewalk. Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 253, 708 S.E.2d 429, 434 (2011). Accordingly, appellate review of this issue is barred by Rule 5A:18. Furthermore, employer has not asked this Court to invoke the good cause or ends of justice exceptions to Rule 5A:18 to permit appellate review of this issue, "and we decline to do so *sua sponte*." Hampton Inn & Selective Ins. Co. of Am. v. King, 58 Va. App. 286, 301, 708 S.E.2d 450, 457 (2011). Moreover, the commission had before it in evidence photographs of the sidewalk, parking lot, and building exterior (including Claimant's Exhibit No. 4, on which claimant marked an "x" at the hearing, showing the precise location on the sidewalk leading to the front of the building where she fell). The commission was able to make any reasonable inferences when reviewing these photographs.

- 3 -

May 12, 2011, and beginning again on June 17, 2011, and continuing.[3] However, the deputy commissioner also found that the sidewalk where the accident occurred was not an extension of employer's premises. Thus, the deputy commissioner concluded that claimant's injuries were not compensable because "claimant failed to carry her burden of proving that her injur[ies] occurred in the course of her employment."

The full commission affirmed in part and reversed in part. Pertinent to this appeal, the commission's unanimous review opinion of August 10, 2012 reversed the deputy commissioner's finding that claimant's injury did not occur in the course of her employment, stating,

> [w]e find that the fact that the claimant fell on the sidewalk of the office building makes this case different than those in which an employee fell or was injured in a parking lot, but the basic legal analysis is the same. We must decide whether the sidewalk at issue is an extension of the employer's premises.

The commission found that the facts here are "almost identical to those in Prince [v. Pan American World Airways, 6 Va. App. 268, 368 S.E.2d 96 (1988)]." The commission concluded that "[j]ust as the employee in Prince was injured on the employer's extended premises, we find that the claimant in this matter was injured on the grounds immediately surrounding the building and that the sidewalk was provided as an easement, and therefore, was an extension of the employer's premises."

Accordingly, the commission entered an award of benefits for claimant. Employer now appeals that award.

---

[3] The full commission in its August 10, 2012 review opinion noted that employer did not appeal these findings, which the commission held were final. Thus, the commission indicated in its review opinion that it would "not summarize or address the medical evidence."

II. ANALYSIS

On appeal, employer argues that claimant failed to present sufficient evidence to prove she suffered a compensable accidental injury which arose out of or in the course of claimant's employment. In a related argument, employer contends that the commission applied an incorrect legal analysis to the facts of this case. However, we disagree with employer's arguments.

A. GENERAL PRINCIPLES APPLICABLE TO THIS APPEAL

"Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 306 (1989). "On appeal, we view the evidence before the commission in the light most favorable to the prevailing party," i.e., the claimant in this case. Pruden v. Plasser Am. Corp., 45 Va. App. 566, 571, 612 S.E.2d 738, 740 (2005). "[T]he function of the appellate court, when reviewing the sufficiency of the evidence, is to determine whether there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved." Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988) (emphasis in original). This Court "must defer to the commission's findings of fact if supported by credible evidence in the record." Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010).

Certainly, "[i]n order for an injured worker to recover under the Act, he must prove an injury by accident 'arising out of and in the course of the employment.'" County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989) (quoting then Code § 65.1-7).

> As a general rule, "an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment." Boyd's Roofing Co. v. Lewis, 1 Va. App. 93, 94, 335 S.E.2d 281, 282 (1985) (quoting Kent v. Virginia-Carolina Chemical Co., 143 Va. 62, 66, 129 S.E. 330, 332 (1925)). Therefore, *any injury received while going to or from work generally is not compensable.*

Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 190-91, 355 S.E.2d 347, 347 (1987) (emphasis added).  However, under case law that is controlling on this Court, the extended premises doctrine permits compensation where an injury occurs in a location that, even though it "was not on property owned or maintained by plaintiff's employer, nevertheless it was on premises of another that were in such proximity and relation to the space leased by the employer as to be in practical effect the employer's premises."  See Barnes v. Stokes, 233 Va. 249, 252-53, 355 S.E.2d 330, 332 (1987).

B.  CREDIBLE EVIDENCE SUPPORTED THE COMMISSION'S CONCLUSION

Employer argues that the sidewalk where claimant testified that she fell was not an extension of the employer's premises.  Rather, they contend that the sidewalk was a "parking lot sidewalk" and was in practical effect part of *a parking lot* – where the extended premises doctrine generally is not considered to be applicable under Virginia's appellate case law.  Based on the evidence in the record on appeal, however, this is *not* a parking lot case.  The commission clearly found that claimant fell on ice on a sidewalk – not in a parking lot.  That sidewalk led directly to the entrance of the building where claimant worked.  For purposes of our analysis, the fact that the sidewalk connected the parking lot to the office building is not a dispositive fact in employer's favor.

Viewing the evidence here in the light most favorable to claimant (since she prevailed below), the commission properly relied on this Court's decision in Prince, 6 Va. App. at 270, 368 S.E.2d at 96, which applied the extended premises doctrine based on evidence that Prince slipped and fell on an icy *walkway* leading to the building where her employer leased its office space.

In that case, Prince fell approximately five feet from the building's entrance.  Id. at 270, 368 S.E.2d at 97.  Prince was returning from lunch when she walked on the walkway which "extends from the public sidewalk onto the grounds surrounding the building.  At a point on the

- 6 -

grounds the walkway divides and leads to two entrances, which are located on opposite sides of the building." Id. at 270, 368 S.E.2d at 96. This Court held that

> the walkway was a common avenue of passage over the grounds and an essential means of ingress and egress from the public right-of-way to Pan Am's place of business. As such, it constituted the premises "of another in such proximity and relation as to be in practical effect a part of the employer's premises."

Id. at 274, 368 S.E.2d at 98 (quoting Barnes, 233 Va. at 252, 355 S.E.2d at 331). This Court explained:

> According to Professor Larson, when the workplace is located in an office building, an injury sustained by an employee in that building or on the grounds immediately surrounding the building is generally considered to have taken place on the employer's premises, even if the employer did not own or lease the particular place where the injury occurred, provided the employer "*has some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, footbridges, driveways, or passageways through which the employer has something equivalent to an easement*."

Id. at 273-74, 368 S.E.2d at 98 (emphasis added) (quoting 1 A. Larson, Workmen's Compensation Law § 15.43 (1985)).

This Court further found that "[b]ecause the injury occurred on property that we deem 'to be in practical effect' a part of Pan Am's premises, it is irrelevant that there were two entrances to the building and that the walkway on which Prince fell was not the exclusive means of entering the building." Id. at 274, 368 S.E.2d at 99. Consistent with this Court's decision in Prince, it is irrelevant that claimant here could have accessed the building through another entrance, especially given claimant's testimony that she took the most direct route in the direction of the building.

Although there may be some minor factual distinctions between this case and Prince,[4] this Court's decision in Prince controls our analysis in light of the factual findings made by the commission in this case. Furthermore, contrary to employer's suggestion on appeal, the holding in Prince is not applicable just to the facts of that case – i.e., where claimant fell approximately five feet from the entrance to the office building. This point did not comprise the basis for this Court's decision in Prince. The commission reasonably applied the legal principles stated in Prince when it found "the facts here to be almost identical to those in Prince." Specifically, the commission found:

> The claimant in this matter was injured on the sidewalk leading to the entrance of the building, which was leased by the employer, and she was not in the parking lot. The employee in Prince was injured on a walkway five feet away from the entrance to the employer's office building. The lease in this matter included the use of the parking lot and the sidewalk for patients and employees. The employer in Prince did not own or maintain the walkway, but it was provided as a convenience to the tenants. *The claimant here was using the sidewalk to gain access to her workplace, and this was a reasonable place for her to be.* The employee in Prince used one of two available paths to gain entrance to the building.

(Emphasis added). The findings by the commission in this case were not plainly wrong or unsupported by credible evidence. In Prince and the case at bar, the claimants were injured on walkways that were used as "common avenue[s] of passage over the grounds and [were] essential means [of] ingress and egress . . . such [that they] constituted the premises 'of another

---

[4] Claimant here was walking to work when she fell, but Prince was returning from lunch when she fell (and her employer paid her during her lunch period). There was no evidence here that the other sidewalk was hazardous such that claimant was prevented from taking it, but in Prince, the claimant had an indication that there was a hazard on the other walkway leading to the employer's entrance. Here, there is no evidence of the precise distance that claimant was from the building when she fell, but Prince fell five feet from her office building. None of these factual distinctions are dispositive of the outcome in Prince and its applicability here. Accordingly, these minor distinctions do not change the fact that credible evidence supports the commission's reliance on the legal principles espoused in Prince.

in such proximity and relation as to be in practical effect a part of the employer's premises." Id. at 274, 368 S.E.2d at 98 (quoting Barnes, 233 Va. at 252, 355 S.E.2d at 331).

Moreover, this Court's opinion in Wetzel's Painting & Wallpapering v. Price, 19 Va. App. 158, 449 S.E.2d 500 (1994), also controls the analysis here. In Wetzel's Painting, Price exited his car on a public street and intended to walk on a gravel driveway that had a concrete apron connecting it to the street. Id. at 159, 449 S.E.2d at 500. The concrete apron was ultimately to be a part of the sidewalk crossing the driveway. Id. Prince slipped and fell on the concrete apron, which was covered in ice. Id. The area of the fall was within the 50-foot right-of-way for the public street. Id. at 159, 449 S.E.2d at 501. This Court stated, "[a]s in Prince, the fact that claimant's employer did not own or maintain the concrete apron is not dispositive." Id. at 161, 449 S.E.2d at 501. This Court held that,

> [t]he concrete apron leading to the driveway provided a common means
> of passage over the grounds to the house and an essential means of
> ingress and egress from the public street to the house where the work
> was to be performed. As such, the commission, in following the
> reasoning in Prince, correctly found that the concrete apron constituted a
> part of the employer's premises.

Id. at 161, 449 S.E.2d at 502. Similar to Wetzel's Painting, claimant here fell on a walkway that "provided a common means of passage . . . and an essential means of ingress and egress" to the claimant's place of work. Id.

The decisions in Prince and Wetzel's Painting are binding authority under the interpanel accord doctrine. As the Supreme Court has explained, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of this Court." Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996). In light of this Court's decisions applying the extended premises doctrine in Prince and Wetzel's Painting, we hold that

the commission did not err in this case in finding that claimant's injury arose out of and in the course of her employment.

## C. THE COMMISSION APPLIED THE CORRECT LEGAL ANALYSIS

Given our holding here, we also disagree with employer's argument that the full commission should have affirmed the reasoning of the deputy commissioner, who relied on this Court's opinion in <u>Hunton & Williams v. Gilmer</u>, 20 Va. App. 603, 460 S.E.2d 235 (1995), to conclude that the extended premises doctrine did not apply to the facts of this case.

This case involves a set of factual circumstances that are readily distinguishable from those in <u>Gilmer</u>. There, Gilmer "slipped on ice and fell while walking from her parking space" in a parking garage "to her place of employment." <u>Id.</u> at 604, 460 S.E.2d at 235. Gilmer was "a legal secretary for Hunton & Williams, which had offices in Crestar Bank's downtown Norfolk building." <u>Id.</u> "As Gilmer walked down a ramp from the level on which her car was parked to the next level, she slipped on ice and fell." <u>Id.</u> *The parking garage was located across the street from claimant's place of employment*, and it was not owned or maintained by Hunton & Williams. Gilmer had a regular parking space in the garage, which she paid for herself via a payroll deduction, and she was not required to park in the garage. <u>Id.</u> at 604-05, 460 S.E.2d at 235-36. This Court held that Gilmer's situation was distinguishable from that in <u>Barnes</u>[5]

---

[5] In <u>Barnes</u>, the claimant was injured (by being struck by a motor vehicle) while leaving work at the end of the day, and walking through a parking lot, *where employees were required to park*, and which was located next to the building in which employer was located on the second floor. 233 Va. at 251, 355 S.E.2d at 330. The Supreme Court held that while the parking lot "was not on property owned or maintained by plaintiff's employer, nevertheless it was on premises of another that were in such proximity and relation to the space leased by the employer as to be in practical effect the employer's premises." <u>Id.</u> at 252, 355 S.E.2d at 332. The Supreme Court stated that,

> consistent with the philosophy of workers' compensation, industry properly should be charged with the expense of injury which, as here, occurs at a place furnished as an incident to the employment and happens at a time when employees reasonably can be expected to use the

because "no evidence disclosed any control or authority by Hunton & Williams over the area in which Gilmer parked." Id. at 608, 460 S.E.2d at 237. Accordingly, this Court held that "the 'going and coming' rule barred a determination by the commission that Gilmer suffered an injury by accident arising out of and in the course of employment." Id. at 604, 460 S.E.2d at 235.

In this case, unlike in Gilmer, claimant was no longer in the parking lot when she fell. She was clearly walking on a *sidewalk* leading directly to the front of the building (which, unlike in Gilmer, was *not* located across the street from the parking lot). Accordingly, the commission did not err in finding that Gilmer was inapplicable to the facts here.

Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Here, claimant fell on the sidewalk leading to the front of the building. The route claimant took was the most direct route she could have taken, and the commission found that claimant fell on the sidewalk – not in the parking lot. Employer's argument that claimant was, in effect, still in the parking lot is simply inaccurate, given the commission's factual finding here. In addition, employer's argument is essentially a request that this Court reweigh the evidence – which this Court, as an appellate court, clearly cannot do on appeal.

III. CONCLUSION

This Court's decisions in Prince and Wetzel's Painting control the legal analysis in this case and the legal determination that the extended premises doctrine applies here. Given that the commission found that claimant fell on the *sidewalk* leading directly to the entrance of the

_____

designated area, even though the specific location is not owned or maintained by the employer.

Id. at 253, 355 S.E.2d at 332. Accordingly, the Supreme Court held that the injury arose out of and in the course of the claimant's employment. Id.

- 11 -

employer's office building, the commission also appropriately concluded that this Court's decision in <u>Gilmer</u> does not control this case because it is *not* a case dealing with an injury occurring in a parking lot.  Thus, we find that there is credible evidence supporting the commission's unanimous award of benefits to claimant, and we affirm the commission.

<u>Affirmed.</u>